Brady, J.
This is an action for relief. The defendants are alleged to be common carriers for hire between London, in England, and this city. The allegation is that on . June 22, 1887, the defendant undertook to transport to Hew York for hire, by its vessel, called the “Ludgate Hill,” ninety cases of furs, the property of the plaintiffs, and to deliver the same safely and in good order to the plaintiffs at -,the city of Hew York, for which service the defendant was ]paid, and then that “ the defendant so negligently and carelessly misbehaved itself in transporting the fur that the 1 *467 plaintiff, by reason thereof, sustained damage in the amount stated.”
The defendant insists that this is a very indefinite and uncertain statement of the cause of action, and it seems to be so. It is a natural logical sequence that if defendant carelessly and negligently misbehaved itself it behaved itself, and, it must be assumed, well behaved itself.
This must be the result. This view, which is not intended to be hypercritical, is only given for the purpose of demonstrating the uncertain and indefinite allegation of the cause of injury.
It is not necessary to consider the authorities upon a motion of this character, which create, when put in juxtaposition some confusion, involving to some extent, rules applicable to bills of particulars, for the reason if' none existed, that the Code requires by section 481 a plain and concise statement of facts, constituting each cause of action, without unnecessary repetition. And the court of appeals in Olcott v. Carroll, 39 N. Y. 436, said in reference to the old Code, the provisions in which are similar to those contained in the Code of Civil Procedure: “"When the allegations in a pleading are so indefinite and uncertain, that the express nature of the charge is not apparent, the court may require the pleading to be made definite and certain by amendment.” Here the plaintiff’s right of action depends on the alleged negligence of the defendant, and giving the broadest and most liberal interpretation to the allegations in the complaint on that subject, there is no suggestion of any fact showing the character of the negligence, whether by improper stowage, or careless handling, or negligent exposure, or of any one of the numerous acts, omissions, and circumstances by which negligence would be made apparent. The statement is, that the goods were so shipped and so negligently transported as to be damaged. This is neither a plain nor concise statement of facts, and the precise nature of the charge is not apparent.
Whether the defendant was guilty of negligence or *468 carelessness is a conclusion of law, dependent upon facts which must be proved. There should be at least some general statement of the cause of the damage, beyond the mere-statement of neglect and carelessness.' Some confusion has crept into the consideration of this question, by'the supposed effect upon it of the case of Tilton v. Beecher, 59 N. Y. 176. The learned justice in writing the opinion in that case, referring to section 160 of the old Code, the provisions of which were similar to those of section 546 of our present Code, said: “ It will be observed that it is only where the precise nature of the charge is not apparent that an application will be made under this section. It enables a party to obtain a definite statement in the pleadings of the nature of the charge intended to be made against him, but not of the particulars or circumstances of the time and place. For that purpose, a different proceeding was pointed out, and from that there was no uncertainty and indefiniteness in respect to the nature of the charge made - against the defendant.”
Indeed an examination of that case shows that the charge made, was quite definite and certain. That case,, and cases kindred to it, establish the proposition that in an action of or for relief, if the charge made be definite and certain, an application for a bill of particulars may be granted. But it in nowise limits, controls or affects the-statutory right secured by the provisions of the Code, to-have a complaint made so definite and certain that the-nature of the charge shall be stated.
The object is to advise the defendant of the claim with such definiteness as to enable him to prepare his defense. This would be required in all other class of cases and should be here. For these reasons, the order appealed from is reversed, and the motion granted with costs.
Daniels, J., concurred.
Baetlett, J., concurred in the result.
Order reversed.