The Tradesmen's National Bank of the City of New York, Appellant, *v.* United States Trust Company of New York, Respondent.

*Allegations of evidence in an answer — not stricken out although they constitute bad pleading.*

Allegations of evidence contained in an answer will not be stricken out on the motion of the plaintiff; the latter is not aggrieved by their presence inasmuch as they do not require a reply and are deemed to be controverted.

Appeal by the plaintiff, The Tradesmen's National Bank of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of January, 1900, denying the plaintiff's motion to strike out of the answer as much therein as is stated under the heading of the third separate defense and comprised within paragraphs numbered V, VI, VII, VIII and IX thereof as immaterial, irrelevant and redundant. The following are the portions of the answer specified :

"V. That on or about the 15th day of July, 1897, pursuant to the statutes of this State in such cases made and provided, said Allan Macnaughtan, Charles H. Roberts, Cornelius B. Mitchell,

Albro J. Newton, James Macnaughtan and Titus Sheard, who comprised a majority of the directors of said Wool Exchange, filed in the office of the Clerk of the County of New York and in the office of the Secretary of State of New York, a certificate under their hands, dated July 14, 1897, and duly acknowledged, that the amount of the capital stock of said corporation was $1,000,000 and that one-half thereof had been paid in.

" VI. That on or about the 28th day of January, 1898, there was filed in the office of the Clerk of the County of New York a certificate dated January 24, 1898, signed by said Albro J. Newton, David H. Bates, Allan Macnaughtan, James Macnaughtan and Simeon B. Chittenden, purporting to be a majority of the Directors of the said New York Wool Warehouse Company, and verified by William Macnaughtan and Howard M. Jacobs, purporting to be respectively the President and the Secretary of said Warehouse Company, in the following form :

" ' We, the undersigned, directors of the New York Wool Warehouse Company, a foreign stock corporation, do hereby make a report as of the first day of January, 1898, signed by a majority of the directors thereof and verified by the oath of the President and Secretary, as follows, to wit:

" ' I. The amount of its capital stock is one million dollars ; proportion actually paid in and issued is five hundred thousand dollars.

" ' II. The amount of its debts does not exceed the sum of $456,000.

" ' III. The amount of its assets is at least the sum of $1,006,000.

" ' IN WITNESS WHEREOF, we have made and signed this report in duplicate.'

" VII. That on or about the 31st day of January, 1898, said Allan Macnaughtan, David H. Bates, James Macnaughtan and Albro J. Newton, who were directors of said Wool Exchange, filed in the office of the Clerk of the County of New York and in the office of the Secretary of State of New York, an annual report as of the 1st day of January, 1898, dated on said 31st day of January, 1898, and verified by the oath of said Allan Macnaughtan, the president, and Albert W. Lightbourn, the secretary of said corporation, in the following form :

" ' We, the undersigned directors of the Wool Exchange, a stock corporation, do hereby make a report as of the first day of January, 1898, signed by a majority of the directors thereof and verified by the oath of the president and secretary, as follows, to wit:

" ' I. The amount of its capital stock is one million dollars, and the proportion actually issued is one million dollars.

" ' II. The amount of its debts does not exceed the amount of mortgage on company's real estate, namely, $500,000.

" ' III. The amount of its assets is at least the sum of one million dollars.

" ' In witness whereof, we have made and signed this report in duplicate.'

" VIII. That on or about the 6th day of January, 1899, the plaintiff herein, said Charles Fletcher and Albro J. Newton, and Henry R. Dwight, David M. Look, W. H. Woolverton, Julius Sands and Simeon B. Chittenden, purporting to be stockholders of said Wool Exchange, holding at least two-thirds of the stock of said corporation, signed a consent in the following form:

" ' We, the undersigned, stockholders of the Wool Exchange, a stock corporation organized and existing under and by virtue of the laws of the State of New York, having a capital stock of seven hundred and seventy thousand dollars, divided into seventy-seven hundred shares of the par value of one hundred dollars each, and being stockholders owning at least two-thirds of the stock of said corporation,

" ' Do hereby consent that said corporation may make, execute and deliver a mortgage constituting a second lien upon its real estate situate at the corner of West Broadway and Beach street in the city of New York, to William H. Woolverton, as trustee ; said mortgage to be dated the 28th day of December, 1898, and to be for the sum of twenty-five thousand dollars ($25,000.00) and conditioned as security for a certain loan for that amount to be evidenced by certain promissory notes bearing even date therewith, and payable five months after date with interest at six per cent per annum.

" ' In witness whereof we have hereunto set our hands and the number of shares of stock owned by us respectively in said corporation.

" ' Dated this 23rd day of December, 1898.

| " 'Signatures of stockholders. | No. of shares. |
|---|---|
| The Tradesmen's National Bank of the City of New York by David H. Bates, President | 4107 |
| Henry R. Dwight | 200 |
| Charles Fletcher | 750 |
| David M. Look | 40 |
| W. H. Woolverton | 10 |
| Julius Sands | 75 |
| Simon B. Chittenden | 30 |
| Albro J. Newton | 300 |
| " ' Total consents | 5512 shares.' |

" And that said consent was, on the 6th day of January, 1899, duly filed in the office of the Clerk of the County of New York.

" IX. That on or about the 27th day of February, 1899, Julius Kaufmann, and said David M. Look, Henry R. Dwight and Albro J. Newton, who were directors of said Wool Exchange, filed in the office of the Clerk of the County of New York and in the office of the Secretary of State of New York an annual report as of the 1st day of January, 1899, dated February 18, 1899, and verified by the oaths of said David M. Look, the vice-president, and said Henry R. Dwight, the secretary of said corporation, in the following form :

" ' We, the undersigned, Directors of the Wool Exchange, a stock corporation, do hereby make a report as of the first day of January, 1899, signed by a majority of the Directors thereof and verified by the oath of the Vice-President and Secretary, as follows, to wit :

" ' I. The amount of its capital stock is seven hundred and seventy thousand dollars, and the proportion actually issued is seven hundred and seventy thousand dollars.

" ' II. The amount of its debts does not exceed the amount of mortgage on Company's real estate — viz., five hundred and twenty-five thousand dollars.

" ' III. The amount of its assets is at least the sum of six hundred thousand dollars. The Wool Exchange transacts no business except the renting of offices.

" ' In witness whereof, we have hereunto made and signed this report in duplicate.' "

The 14th paragraph of the third separate defense was as follows:

" XIV. That if there was any fraud in connection with the formation of said Wool Exchange, the issue of its capital stock, or any loans made by the plaintiff herein upon such stock, the plaintiff was a party to such fraud."

*Joseph Folliard Perdue,* for the appellant.

*Edward W. Sheldon,* for the respondent.

Per Curiam:

It is quite true, as the appellant insists, that the paragraphs of the answer which are complained of are allegations of evidence and nothing else; and it is also true that to put such allegations in an answer is not good pleading, but the court does not strike out allegations for that reason only. Motions of this kind are not to be encouraged, and should not be granted unless the party complaining is aggrieved by the presence in the pleading of the matter complained of. (Code Civ. Proc. § 545; *Lugar* v. *Byrnes,* 15 Civ. Proc. Rep. 72.) It cannot be said that the plaintiff is aggrieved by the retention of these allegations in the answer. The statute prescribes that all allegations in an answer are to be deemed controverted. If the plaintiff were likely to be called upon to reply to these allegations, it might very possibly be that it would be aggrieved, and it might properly ask to have them stricken out; but as they are there simply as statements of the evidence by which the defendant seeks to establish certain facts, and since the statute says that they are to be deemed to be controverted and not admitted, we can see no reason why the plaintiff should complain of their presence. The order is, therefore, affirmed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J., Barrett, Rumsey, O'Brien and Ingraham, JJ.

Order affirmed, with ten dollars costs and disbursements.