(72 App. Div. 82.)

FIRST PRESBYTERIAN CHURCH IN NEW YORK CITY v. KENNEDY.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

1. COMPLAINT — ORDER TO MAKE MORE DEFINITE — ORAL OR WRITTEN CONTRACT.
    Where a complaint alleged that defendant's intestate contracted to pay during her lifetime, and secure the payment after her death of, a certain annual sum to a church, so long as it should maintain a separate organization and retain its property, an order requiring the complaint to state whether the contract was oral or in writing, and, if the latter, to set forth its substance, was proper.

2. SAME—CONSIDERATION FOR CONTRACT.
    Where a complaint to recover on a contract by which defendant's intestate was alleged to have agreed to pay and secure to a church a certain sum annually so long as it should maintain a separate organization and retain its property, alleged that at the time such proposition was made and accepted the church trustees were considering the sale of the property and removal or consolidation, and would have consummated such removal or consolidation but for such agreement, it was not error to require plaintiff to state whether any formal action had been taken by such trustees, and what was meant by the allegation that

such removal or consolidation would have been consummated but for such agreement.

**8. SAME—IRRELEVANT STATEMENTS—STRIKING OUT.**

In an action to recover on a contract by which defendant's intestate is alleged to have contracted to pay and secure an annual sum to a church so long as it continued its separate existence, statements in the complaint as to deep interest of decedent and her ancestors in the church, which moved her to make the contract, should not be stricken out as irrelevant.

Appeal from special term, New York county.

Action by the First Presbyterian Church in New York City against Henry Van Rensselaer Kennedy, as administrator of the estate of Rachel Kennedy. From an order requiring the complaint to be made more definite and certain, and striking out matter as irrelevant and redundant, plaintiff appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Dickinson W. Richards, for appellant.
J. Archibald Murray, for respondent.

LAUGHLIN, J. This action is brought to enforce the specific performance of a contract made in 1894 by Rachel Lenox Kennedy, deceased, with the plaintiff, by which, as an inducement to prevent the consolidation of the plaintiff with another church organization, and the abandonment and sale of its church and property on the westerly side of Fifth avenue between Eleventh and Twelfth streets, contemplated owing to the loss of revenue incident to the removal to other parts of the city of many members of the congregation, she agreed that, if the plaintiff would not remove or consolidate, but would continue its separate existence, and occupy and maintain the old church building, she would pay the plaintiff $4,000 per annum during her life, and secure the payment of a like sum out of her estate thereafter as long as the church should be so continued and maintained. The complaint does not show whether the agreement was oral or in writing, and the order requires the plaintiff to state whether or not it was in writing, and, if so, to set forth its substance. This, ordinarily, falls more particularly within the province of a bill of particulars; but inasmuch as it may be desired to plead the statute of frauds if the agreement be not in writing, this part of the order is eminently proper, and must be sustained. It is alleged generally in the complaint that at the time the decedent made the proposal which was subsequently accepted and became the contract, the trustees were considering a sale of the church property, were in favor of removing or consolidating as therein alleged, and would have consummated such removal or consolidation but for such agreement. The order requires the plaintiff to state whether any formal action had been taken in the premises by the board of trustees, and to specify in detail what is meant by the allegation that the removal or consolidation would have been consummated but for said agreement. We think there is no impropriety in requiring the plaintiff to make its complaint more definite and certain in these particulars. The complaint set forth briefly and in general terms the deep interest of dece-

dent and her ancestors in this church which led her to desire its con-
tinuance on the existing site, and moved her to make the offer which
became embodied in the contract in question. These allegations
have been stricken out as irrelevant. This part of the order is er-
roneous. The allegations could not possibly have prejudiced the
defendant, and therefore he is not aggrieved thereby. Tradesmen's
Nat. Bank v. United States Trust Co., 49 App. Div. 362, 366, 63 N.
Y. Supp. 526; Park & Sons Co. v. National Wholesale Druggists'
Ass'n, 30 App. Div. 508, 52 N. Y. Supp. 475. Then again, this being
a suit in equity, the pleader is allowed greater latitude in setting forth
the facts constituting his cause of action than in an action at law.
Park & Sons Co. v. National Wholesale Druggists' Ass'n, supra;
Bogardus v. Railway Co., 62 App. Div. 377, 70 N. Y. Supp. 1094;
Town of Essex v. New York & C. R. Co., 8 Hun, 361; Younger v.
Duffie, 26 Hun, 442, 444. If the making of the agreement be con-
troverted, or its validity be contested, it would be competent to show
these facts as bearing on the probability as to whether it was made,
and also on the sufficiency of the consideration. They are part of
the history of the case, and constituted the sole inducement for the
contract, and are properly pleaded in equity.

The order should be modified by striking out that part of the order
appealed from which strikes out allegations as irrelevant and re-
dundant, and, as so modified, affirmed, without costs. All concur.