Affidavits closely resembling the one under consideration in the present case were presented in Vanderpool v. Kissam, 4 Sandf. 715, and Grimes v. Davison, 2 Abb. N. C. 457. In both of these cases the motion to discharge the order of arrest was granted. In Vanderpool v. Kissam "it was decided by Duer, J., at chambers, after a consultation with all the justices, that, in an action for a malicious prosecution, an affidavit for holding the defendant to bail is insufficient when it states only in general terms the existence of malice and the want of probable cause. The facts which are relied on as prima facie evidence of the want of probable cause must be set forth in the affidavit, so as to enable the judge to whom the application for an order of arrest is made to draw the proper conclusion of law. If such facts are omitted, the party swears only to his own belief; and his opinion or that of his counsel is substituted for a judicial decision." In Grimes v. Davison, supra, Barrett, J., held:

"No proof is furnished in support of the allegations of facts. Malice is alleged, but no evidence of it is given. Want of probable cause is at one time alleged, again omitted. Where alleged, it is unsupported by evidence. An arrest will not lie upon mere averment, whether in the form of an affidavit or a complaint. The plaintiff should make out a prima facie case sufficient to enable him to rest upon the trial. The papers are otherwise very defective, and the order cannot be upheld. Motion granted, with $10 costs."

Accordingly the motion to vacate the order of arrest is granted.

---

(49 Misc. Rep. 319.)

CITIZENS' CENTRAL NAT. BANK v. MUNN et al.

(Supreme Court, Special Term, New York County. February, 1906.)

1. PLEADING—MOTION TO STRIKE OUT.
    In an action on a loan alleged to have been made to certain of defendants through another defendant by plaintiff's assignor, allegations of the complaint that the money was borrowed for a certain purpose and of the manner in which the money was applied will not be stricken out as irrelevant, as they may tend to show the joint nature of the transaction.
2. SAME—MOTION TO MAKE MORE DEFINITE.
    In an action to recover moneys claimed to have been loaned to certain of defendants through another defendant, a motion that the allegations that the moneys "were borrowed through the defendant F." be made more definite and certain will be granted, so far as it relates to the exhibition of written evidence of relationship between the defendants, and to any written obligation of an indebtedness and the substance thereof.

Action by the Citizens' Central National Bank against John P. Munn and others. Motion by defendant to require plaintiff to make his complaint more definite and certain, and strike out certain parts of the complaint, and extend the time for answering. Motion to make complaint more definite, and to extend time to answer, granted. Motion to strike out parts of the complaint denied.

Sherman & Sterling, for plaintiff.
Chas. A. Gardiner, for defendants.

BLANCHARD, J. This is a motion by the defendants for an order requiring the plaintiff to make its complaint more definite and

certain, and to strike out as irrelevant and redundant certain parts of its complaint, and to extend the time of the defendants to answer. The complaint, aside from the allegation of the plaintiff's corporate capacity and of the assignment of the cause of action, and of the demand and nonpayment, contains only this paragraph:

"That on or about November 27, 1901, the defendants jointly purchased 300 shares of the capital stock of the Merchants' Trust Company of New York, and, for the purpose of paying the same, they borrowed, on that date, from the Central National Bank of the City of New York, through the defendant Fisher, the sum of one hundred thousand dollars ($100,000), which it was agreed should be repaid upon demand, with interest from the same date; and the said sum so borrowed was applied by the defendants in payment of the purchase price of the said stock."

The defendants ask that the following words be stricken out as irrelevant:

"That on or about November 27, 1901, the defendants jointly purchased 300 shares of the capital stock of the Merchants' Trust Company of New York, and for the purpose of paying for the same," and also the words, "and the said sum so borrowed was applied by the defendants in payment of the purchase price of the said stock."

It is not clear that the allegations complained of are irrelevant. Possibly they tend to show the joint nature of the transaction. In view of such possible relevancy the court is not justified in striking them out. Dinkelspiel v. N. Y. Evening Journal Pub. Co., 91 App. Div. 96, 98, 86 N. Y. Supp. 375.

The defendants also ask that the allegation that "they borrowed through the defendant Fisher" be amended so as to state the nature and extent of the interest and liability of the defendant Munn in the loan; the capacity in which the defendant Fisher represented and acted for Munn, whether as agent, partner, joint venturer, or otherwise, and how this relationship was evidenced, whether by writing or by parol, and, if by parol, the person who purported to give the same on behalf of Munn, and the person representing the plaintiff to whom the same was communicated, and the time and place where the same was communicated; whether the plaintiff received any promissory note or other writing from defendants or any other person at the time of making the alleged loan, and, if so, the parties, indorsers, and terms thereof, and the manner or grounds on which it is sought to charge Munn upon said instrument, whether jointly or severally, or both. In opposition to the motion to amend the complaint by making it more definite and certain, the plaintiff contends that the proper remedy is a bill of particulars. The decisions regarding motions to amend pleadings by making them more definite and certain, and regarding motions to direct bills of particulars, have been characterized as conflicting and confusing. Dumar v. Witherbee, Sherman & Co., 88 App. Div. 181, 183, 84 N. Y. Supp. 669. Section 546 of the Code of Civil Procedure provides:

"Where one or more denials or allegations, contained in a pleading, are so indefinite or uncertain that the precise meaning or application thereof is not apparent, the court may require the pleading to be made definite and certain by amendment."

Section 531 of the Code of Civil Procedure provides:

"Upon application in any case, the court, or a judge authorized to make an order in the action, may, upon notice, direct a bill of particulars of the claim of either party to be delivered to the adverse party, and in case of default the court shall preclude him from giving evidence of the part or parts of his affirmative allegation of which particulars have not been delivered."

A distinction between these remedies must be drawn. Referring to corresponding sections in the former Code, of which the sections in the present Code are substantially a paraphrase, it was said in Tilton v. Beecher, 59 N. Y. 176, 183, 17 Am. Rep. 337:

"It will be observed that it is only where the precise nature of the charge * * * intended to be made against him, but not of the particulars or circumstances of time and place. For this purpose a different proceeding is pointed out, viz., an application under section 158, which provides, among other things, that 'the court may in all cases order a bill of particulars of the claim of either party to be furnished.'"

This distinction has been recognized as applicable to the remedies prescribed in the sections above quoted. Dumar v. Witherbee, Sherman & Co., supra. The most obvious application of this distinction shows the property of the defendants' motion to make the present complaint more definite and certain, so far, at least, as the nature and extent of Munn's liability and Fisher's relationship are concerned. The reason for this distinction, it seems, is that the motion to make the pleading more definite and certain is intended, primarily, to aid the opposing party to plead, while the motion to direct a bill of particulars is intended, primarily, though not solely, to prevent surprise upon the trial. Applying this principle, it has been held that the plaintiff may be compelled to make his complaint more definite and certain by stating whether the contract declared upon was in writing, and, if so, to state the substance thereof, since the defendant may desire to plead the statute of frauds. First Presbyterian Church v. Kennedy, 72 App. Div. 82, 76 N. Y. Supp. 284. Accordingly, the defendants' motion to make the present complaint more definite and certain must also be granted, so far as it relates to the exhibition of written evidence of the relationship between the defendants and to any written obligation of indebtedness and the substance thereof.

Regarding the other matters as to which an order to make the complaint more definite and certain is asked, it seems clear that, on principle, they belong specially within the province of a bill of particulars. Authority exists which, perhaps, warrants relief as to these matters by an order to make the complaint more definite and certain. Reubens v. Ludgate Hill Steamship Co., 21 Abb. N. C. 464, 2 N. Y. Supp. 30. Aside from this precedent, however, it seems reasonable, since an order to make the complaint more definite and certain must be made, that it include all the matters complained of, as was apparently the practice followed in First Presbyterian Church v. Kennedy, supra.

Accordingly the motion to make the complaint more definite and certain, and to extend the defendants' time to answer, is granted. The motion to strike out certain parts of the complaint as irrelevant and redundant is denied.

Ordered accordingly.