years ago, in People ex rel. Roe v. Suffolk C. P., 18 Wend. 550, at page 552:

"Next in importance to the duty in rendering a righteous judgment is that of doing it in such a manner as will beget no suspicion of the fairness or integrity of the judge."

See, also, Darling v. Pierce, 15 Hun, 542; Oakley v. Aspinwall, 3 N. Y. 547.

Taking into consideration the wide variance in the value put upon the loss to the appellants by the proposed appropriation of their land by the respondent and which is reflected in the two reports of the commissioners, it cannot be said that Mr. Defendorf may not, though unintentionally, have been influenced somewhat in his decision by his former relations with the railroad corporation. We assume that there was no dishonorable motive, and that he intended to deal honestly and fairly by these parties; but his relations with the company render him amenable to the criticism that he was not wholly unbiased. It is very important, in the administration of justice, that one performing the functions of judge or juror should be absolutely indifferent as between the parties; and, even though Mr. Defendorf's estimate of the damages is entirely correct, it is better that a rehearing be had than that the decision of the commissioners should remain in any degree open to the charge of partiality or favor.

The order should be reversed, and a rehearing had before new commissioners to be appointed at Special Term, with costs to the appellants to abide the event. So ordered.

Order reversed and report of commissioners set aside, and costs to the appellant to abide event, and new appraisal ordered before other commissioners to be appointed at Special Term. All concur.

---

CITIZENS' CENTRAL NAT. BANK OF NEW YORK v. MUNN et al.

(Supreme Court, Appellate Division, First Department. November 23, 1906.)

MONEY LENT—PLEADING—DEFINITENESS AND CERTAINTY.

A complaint in an action to recover money loaned, alleging that defendant borrowed the money from plaintiff through another, is not subject to motion to make more certain by stating the nature and extent of defendant's interest or liability in the alleged loan, the capacity or relation in which the person through whom the money was borrowed represented or was authorized to represent defendant with respect to the loan, whether plaintiff received any note or other writing evidencing the loan at the time of the making thereof, and the grounds on which defendant is sought to be charged with liability upon such instrument.

Appeal from Special Term, New York County.

Action by the Citizens' Central National Bank of New York against John P. Munn and another. From an order (99 N. Y. Supp. 191) requiring plaintiff to make its complaint more definite and certain, it appeals. Reversed.

Argued before McLAUGHLIN, INGRAHAM, HOUGHTON, CLARKE, and SCOTT, JJ.

John A. Garver, for appellant.
Gibson Putzel, for respondent.

INGRAHAM, J. The action was brought to recover the sum of $100,000. The complaint alleges that:

"On or about November 27, 1901, the defendants jointly purchased three hundred shares of the capital stock of the Merchants' Trust Company of New York, and, for the purpose of paying for the same, they borrowed, on that date, from the Central National Bank of the City of New York, through the defendant Fisher, the sum of one hundred thousand dollars ($100,000), which it was agreed should be repaid upon demand, with interest from the same date; and the said sum, so borrowed, was applied by the defendants in payment of the purchase price of the said stock."

Upon motion of the defendant Munn the court below has required the plaintiff to make the complaint more definite and certain:

First. "By stating the nature and extent of the interest or liability which the plaintiff claims the defendant had or was liable for in the alleged loan." The complaint alleges that the defendant borrowed the money. There is nothing indefinite or uncertain in this allegation. The extent of the interest that the defendant had in the loan is immaterial, if the defendant borrowed the money. It is only when the allegation is so indefinite or uncertain that the precise meaning or application thereof is not apparent that the court is authorized to require the pleading to be made definite and certain by amendment. Code Civ. Proc. § 546.

Second. "By stating in what capacity or relation the plaintiff claims that the defendant Fisher represented, or was authorized to represent, act for, or bind the defendant Munn with respect to the alleged loan, whether as agent, partner, joint venture, or otherwise, and how this relationship or power was evidenced or authorized, whether by writing or parol, and, if by parol, the person or persons who purported to give the same on behalf of the defendant Munn, and the person or persons representing the Citizens' Central National Bank, to whom and the time and place where the same was communicated." However important this information may be for the defendant Munn, it is quite difficult to see upon what principle it can be inserted in the complaint. The complaint should not state the evidence by which the plaintiff will seek to prove its cause of action. To prove the cause of action alleged there must be evidence that Fisher was authorized to borrow the money for the defendant Munn; but the proof the plaintiff has to sustain this allegation should not be inserted in the complaint.

Third. "By stating whether the Citizens' Central National Bank accepted and received any promissory note or other writing from said defendants, or either of them, or any other person, at the time of making the alleged loan, and, if so, the parties, indorsers, terms, and substance thereof, and the manner or grounds on which it is sought to charge the defendant Munn with liability upon the loan evidenced by such instrument, and whether jointly or severally, or jointly and severally." This would be improper, if pleaded. The complaint alleges that these defendants borrowed the money. The only allegation necessary to sustain a cause of action for the repayment of a loan is that

defendants borrowed the money. This the complaint alleges, and it is not, therefore, indefinite or uncertain.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

### SCHIERLOH v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 16, 1906.)

**1. DAMAGES—EXCESSIVE DAMAGES—TEMPORARY INJURIES.**

In an action by a passenger for injuries on a street car, there was evidence that immediately after the accident there was a contusion of the shoulder and ribs on the right side and a difficulty in breathing. Ten days later there was the first of hemorrhages, which recurred at intervals of several months; but it was shown that such hemorrhages, even though coming from the lung, which was disputed, could not have been produced by a traumatic cause, which would have required a blow sufficient to lacerate the lung, which was, in fact, intact. *Held*, that plaintiff was not entitled to a verdict of more than $1,000.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 357, 365.]

**2. APPEAL—DISPOSITION OF CAUSE—MODIFICATION—REDUCTION OF VERDICT.**

Where, on appeal of a personal injury action, it appears that a reasonable award of damages would be a certain sum, less than the judgment rendered, the judgment may be affirmed on condition that plaintiff first stipulate a reduction to such sum.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4462–4476.]

Ingraham and Clarke, JJ., dissenting in part.

Appeal from Trial Term, New York County.