### SMYTHE v. CLEARY.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

PLEADING—COMPLAINT—DEFINITENESS.

    Under Code Civ. Proc. § 481, providing that a complaint must contain a concise statement of the facts and a demand for judgment, and section 546, authorizing the court to require that a pleading so indefinite that its precise meaning is not apparent shall be made more definite and certain, a complaint in an action for legal services, which alleges that between designated dates plaintiff, an attorney, rendered services to defendant at her request in the matter of investigating and establishing the ancestry of defendant and her relationship to a decedent, and in establishing defendant's right to a share in the decedent's estate, that the services were reasonably worth a specified sum, and that plaintiff expended in behalf of defendant in rendering services necessary disbursements to a specified amount, and which demands judgment therefor, is sufficiently definite, as against a motion to make the complaint more definite and certain by stating the time when and the place where the request for services was made, the manner in which made, etc.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1173–1193.]

Appeal from Special Term.

Action by George A. Smythe against Anne Mary Cleary. From an order directing the complaint to be made more definite and certain, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Henry F. Cochrane, for appellant.
George H. Starr, for respondent.

McLAUGHLIN, J. Action to recover $10,750, value of services alleged to have been performed and disbursements made by the plaintiff while acting as the attorney for the defendant. The complaint alleges that the plaintiff is an attorney and counselor at law, duly admitted and licensed to practice in all the courts of the state of Massachusetts, and for more than 30 years has made a specialty of closing estates of decedents where their heirs or distributees were lost or unknown, and in searching out and finding such unknown heirs and next of kin, and establishing family trees, being an expert in such work; that between the 2d of May, 1906, and about the 20th of March, 1907, he rendered work, labor, and services to the defendant, at her request and instance, in the matter of investigating, tracing out, and establishing the ancestry of the defendant and her relationship to one Patrick White, deceased, and also in establishing the defendant's right to a share of the said decedent's estate, and in protecting and securing such interest, which is of the value of $25,000 to $35,000, and placed at her disposal information necessary to protect her interest in such estate, that the services rendered were reasonably worth the sum of $10,000, and that he also expended in behalf of defendant, in rendering such service, necessary disbursements to the amount of $750. Then follows an allegation that no part of such sum has been paid, and a demand for judgment therefor, with interest.

Upon motion of defendant the court below has required plaintiff to make the complaint more definite and certain by stating the time when and the place where the request for work was made, the form or manner in which made, whether in writing or verbal, and, if in writing, setting forth a copy of the same; also by stating whether the request was made directly by the defendant, or through some other person, and, if another person, the name of such person; also setting forth the terms and provisions of the request "as respects when the said work * * * were to be rendered by the plaintiff, and in what character or capacity, and whether as an agent or as an attorney at law, and, if as an attorney at law, then where and in what court or courts"; also the terms and provisions of said request, if any, as respects the compensation to be made for said service, and when the same was to become payable. Plaintiff appeals from the order.

A complaint must contain a plain and concise statement of the facts constituting each cause of action, without unnecessary repetition, and a demand for the judgment to which the plaintiff supposes himself entitled. Section 481, Code of Civil Procedure. The complaint does this. There is nothing indefinite or uncertain about it. The facts are plainly and concisely stated, and there is a demand for the judgment

to which the plaintiff thinks himself entitled. It is only when the allegation is so indefinite or uncertain that the precise meaning or application thereof is not apparent that the court is authorized to require the pleading to be made more definite and certain by amendment. Section 546, Code of Civil Procedure; Citizens' Central National Bank v. Munn, 115 App. Div. 471, 101 N. Y. Supp. 435. It is possible the defendant may be entitled to some of the information desired; but he cannot get it in this way. If the plaintiff had set out in his complaint the evidence to establish the cause of action alleged, it would have been improper, and could have been stricken out on motion.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.