SWARTMORE TEXTILE COMPANY, INC., Respondent, *v.* MORRIS BERNHARD COMPANY, Appellant.

Third Department, September 26, 1918.

Pleading — motion to require plaintiff to make complaint more definite and certain by stating whether contract was in writing, when granted.

Where a complaint is very simple and merely alleges the plaintiff's agreement to sell and the defendant's agreement to purchase, plaintiff's willingness to perform and defendant's refusal to accept and pay for the

goods, defendant's motion to require the plaintiff to make his complaint more definite and certain by stating whether the contract was in writing, and if in writing by attaching a copy thereof to the complaint, for the reason that it desires to take advantage of the Statute of Frauds by demurrer in case the contract is oral, should be denied.

Such a motion is only granted where the facts are peculiar and complicated or where the facts required to be pleaded are substantive parts of the pleading.

It is only when the allegations of a pleading " are so indefinite and uncertain that the precise meaning or application thereof is not apparent " that such a motion will lie.

APPEAL by the defendant, Morris Bernhard Company, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 8th day of May, 1918, denying its motion to require the complaint to be made more definite and certain.

*Goldman, Unger & Kohlman* [*Abraham Freedman* and *Samuel P. Goldman* of counsel], for the appellant.

*Muhlfelder & Illch* [*Robert C. Poskanzer* of counsel], for the respondent.

COCHRANE, J.:

The complaint is very simple and brief. It alleges that on or about July 27, 1917, the plaintiff agreed to sell and the defendant agreed to purchase the entire stock of gimps plaintiff then had manufactured or in process of manufacture, and to pay therefor $2.25 per gross; that the plaintiff has at all times been ready and willing to perform its agreement and that the defendant has refused to receive and accept deliveries thereunder or pay therefor, whereby the plaintiff has been damaged in the sum of $4,633.48 for which sum it demands judgment with interest and costs. The defendant appeals from an order denying its motion to require the plaintiff to make this complaint more definite and certain by stating whether the contract was in writing and if in writing by attaching a copy thereof to the complaint.

The motion was properly denied. Granting the motion in this case would require a plaintiff in every action of the simplest nature for goods sold and delivered or for work, labor and services performed, to state whether the contract was in

writing, and if in writing to attach a copy to the complaint. No case is cited which is an authority for the granting of this motion under a complaint of this character. There are authorities holding that the pleading must be made more definite and certain by stating whether a contract is in writing, and if in writing by setting forth a copy, but those are cases where the facts were peculiar and complicated or where the facts required to be pleaded were substantive parts of the pleading. Such cases are: *First Presbyterian Church* v. *Kennedy* (72 App. Div. 82); *Rockey* v. *Haslett* (91 id. 181). So also times and places have sometimes been required to be stated in a complaint. (*Pigone* v. *Lauria,* 115 App. Div. 286; *Peters* v. *Huppert,* 159 id. 829.)

On the other hand, the following cases directly hold that a motion is improper to require a pleading to state whether the contract is in writing or oral, and if in writing to set forth a copy: *Smythe* v. *Cleary* (127 App. Div. 555); (*Rouget* v. *Haight* (57 Hun, 119); *Bonta Hotel Company* v. *Benedict* (133 N. Y. Supp. 462). It is only when the allegations of a pleading " are so indefinite or uncertain that the precise meaning or application thereof is not apparent " that such a motion will lie. (Code Civ. Proc. § 546; *Dumar* v. *Witherbee, Sherman & Company,* 88 App. Div. 181; *Harrington* v. *Stillman,* 120 id. 659.) That criticism clearly cannot be made of the complaint in question.

The defendant's reason for the motion is that it desires to take advantage of the Statute of Frauds by demurrer in case the contract is oral. It can with equal advantage raise that question by answer. It is deprived of no right or defense. The complaint is in the usual form in cases like this.

The order should be affirmed, with ten dollars costs and and disbursements.

Order unanimously affirmed, with ten dollars costs and disbursements.