Action for dissolution of partnership, to set aside fraudulent chattel mortgages which were made without consideration, for restitution of moneys unlawfully taken or retained, and to recover damages for the perpetration upon plaintiff of wrongful acts, accomplished pursuant to a conspiracy to make him penniless. On appeal of defendants Laura and Harry Klein, order granting motion of plaintiff to strike an affirmative defense, pursuant to rules 103 and 109 *835 of the Rules of Civil Practice, reversed on the law and and the facts, with $10 costs and disbursements, and the motion denied, with $10 costs. On appeal by the intervening defendant, Sylvia Schwartz, from an order granting motion of plaintiff to strike out the answer of that defendant, pursuant to rule 103 of the Rules of Civil Practice, and ordering that the answer, save as to a single paragraph, be struck out, reversed on the law and the facts, with $10 costs and disbursements, and the motion denied, with $10 costs. The matter set forth in each of the answers should be weighed in the light of the allegations of the complaint, wherein plaintiff alleges he had been a kind and sympathetic husband, of whom undue advantage was taken while caring for his wife in a distant State and that he was not only unlawfully deprived of his partnership interest, but was subjected to false arrest and imprisonment and an unfounded divorce action, and deprived of moneys belonging to him. The matter complained of, if true, reveals plaintiff in a different light, shows that he has no partnership interest and never was in a financial position to contribute to the payment of such an interest, that the chattel mortgages were given for good consideration and were foreclosed after plaintiff had made threats to ruin certain of defendants, and that the action for divorce instituted by his wife was justified. In the light of settled authority (Solomon v. LaGuardia, 267 App. Div. 435; Purdy v. McGarity, 262 App.' Div. 623; Wayte V. Bowker Chemical Co., 196 App. Div. 665, 666; Bay V. Bay, 95 App. Div. 122; Tradesmen’s Nat. Bank v. United States Trust Go., 49 App. Div. 362; Nome Insurance Co. V. Gillespie Loading Co., 222 App. Div. 67; Park & Sons Co. v. Nat. Bruggists’ Assn., 30 App. Div. 508, 511; Stokes V. Star Co., 69 App. Div. 21), these allegations should not be struck from this pleading in this equitable action. Hagarty, Acting P. J., Carswell, Adel and Nolan, JJ., concur. [See post, p. 916.]