MARIANA HANSON, Plaintiff, *v.* VICTOR E. HANSON, Defendant.

Supreme Court, Special Term, New York County, February 5, 1953.

*Bern Budd* for defendant.

*Karelsen, Karelsen, Rubin & Rosenberg* for plaintiff.

MATTHEW M. LEVY, J. The complaint sets forth a cause of action for the recovery of moneys claimed to be due under an alleged agreement. The defendant moves for an order pursuant to rule 102 of the Rules of Civil Practice to require the plaintiff to serve an amended complaint so as to make the same more definite and certain by alleging whether the agreement was oral or in writing; and if in writing by setting forth a copy thereof, or if oral by pleading its substance.

The authorities seem to be divided as to whether the principal relief is appropriate under the procedure invoked by the defendant or whether the information sought should be obtained solely by way of a motion for a bill of particulars. (Civ. Prac. Act, § 247; Rules Civ. Prac., rules 115–117.) This is a simple practice motion, and yet so much contrariety of opinion has been expressed with respect to it, that I am impelled to state my own views on the subject, hoping thereby not to add to the confusion, even if unable to aid in resolving the issue.

I shall discuss here only two leading cases on the subject, for they point up the problem. In *First Presbyt. Church* v. *Kennedy* (72 App. Div. 82) the action was to enforce specific performance of a contract by which the defendant's intestate, in order to induce the plaintiff to refrain from consolidating with another church, allegedly agreed to pay to the plaintiff an annual amount so long as the intestate lived, and thereafter the same amount out of her estate so long as the plaintiff church should be in existence. The complaint did not set forth whether the claimed agreement was oral or in writing. In approving a motion under rule 102, the court said that (p. 84) " This [information] ordinarily falls more particularly within the province of a bill of particulars; but inasmuch as it may be desired to plead the Statute of Frauds if the agreement be not in writing, this part of the order is eminently proper and must be sustained." On the other hand, in *Swartmore Textile Co.* v. *Bernhard Co.* (184 App. Div. 572) the court denied the defendant's motion to require the plaintiff to make the complaint more definite and certain by setting forth whether the alleged contract was in writing or oral. In that case the complaint alleged that the plaintiff agreed to sell and the defendant agreed to purchase merchandise. The court said (p. 574) : " There are authorities holding that the pleading must be made more definite and certain by stating whether a contract is in writing, and if in writing by setting forth a copy, but those are cases where the facts were peculiar and complicated or where the facts required to be pleaded were substantive parts of the pleading. Such cases are: *First Presbyterian Church* v. *Kennedy* (72 App. Div. 82); *Rockey* v. *Haslett* (91 id. 181). \* \* \* The defendant's reason for the motion is that it desires to take advantage of the Statute of Frauds by demurrer in case the contract is oral. It can with equal advantage raise that question by answer ".

With the latter decision and expressed basis for it, I must disagree, and I am not alone in that disagreement. (See

Prashker on New York Practice [2d ed.], § 222, p. 330, footnote 72, and Carmody's Manual of New York Practice [Carr, Finn & Saxe, 1950 ed.], § 199, pp. 253–254, footnote 21.) There is no reason why a pleader cannot in normal cases — at the very outset of the litigation — quite readily allege not only generally the making of an agreement, but also approximately when it was made and when it is claimed the breach occurred, and whether the agreement relied upon is written or oral. In the final analysis, the burden of alleging a claim, of setting forth its component legal parts, of acquainting the adverse party with the basis for that claim, is on the pleader, the party presenting the claim in the first instance. There is no reason why he should be relieved of that burden.

It may be that the general allegation is clear so far as it goes, but specification is still needed so as to warrant an adversary in interposing in his pleading a precise type of responding allegation. For example, a defendant may wish to determine whether he should deny an allegation in the complaint, or admit it, or plead the Statute of Limitations or the Statute of Frauds. In such case, I am of the view that the motion under rule 102 should be granted, whether the action appears to be simple or complex. The application to make more definite and certain is intended fundamentally to facilitate the preparation of the moving party's prospective pleading. It ought not to be necessary in these days of endeavor to simplify practice and procedure, for a defendant to accept a complaint in general terms, interpose a probably tentative answer, demand or move for a bill of particulars so as to procure appropriate information, receive the bill, and then be compelled to move for leave to amend his own pleading in the light of the information contained in the bill.

Not only would this procedure cause undesired delay and require unnecessary professional labor, but, perhaps of equal if not greater importance, it would also very likely result in unfair advantage in the trial of a jury cause. Let us suppose that the defendant did, as suggested in the *Swartmore* case, allege the Statute of Frauds as a defense in his answer, and that it later appears that there is a legally sufficient writing. Under such circumstances, any experienced trial lawyer can easily picture the effective capital a plaintiff may make in final summation to the jury, as the plaintiff's counsel dramatically points to the " highly technical ", " unconscionable " and " false " defense — that the agreement was required to be but was not in writing — " sworn to by the defendant personally ",

" in his own lawyer's office ", in a " brazen attempt to defeat the plaintiff's just claim ". The impression upon the jury may be such that the charge of the court can do little to undo the damage. No litigant should be put in such an unfavorable forensic position — particularly when all that is required in the supposititious case is to have the plaintiff at the outset, before the defendant is compelled to meet the issue by way of answer, plead whether the contract the plaintiff himself relies on is written or oral.

The motion is therefore granted to the extent of requiring the plaintiff to serve an amended complaint so as to allege whether the agreement pleaded in the complaint was oral or in writing. The balance of the application — to require the plaintiff to set forth a copy of the agreement (if written) or its substance (if oral) — is denied, as that is properly the function of a bill of particulars, and not of a motion to make the complaint more definite and certain. Order signed.