Matthew M. Levy, J.
By one branch of its motion, the defendant moves to dismiss for insufficiency on its face (Rules Civ. Prac., rule 106) the “Fourth Cause of Action” alleged in the complaint, which cause sounds in equity, and by which the plaintiff seeks an injunction. The claimed insufficiency arises solely from the fact that the plaintiff is asserted to have an adequate remedy at law.
The plaintiff sues here upon an agreement whereby it was to work closely with the defendant in connection with the improvement of the so-called Peatrophone, a certain patented telephonic device. The plaintiff was to incur and pay engineering and development expenses and was to have the right to manufacture at least 25% of all the instruments produced. The agreement was to become effective after an order for 1,000 of the Peatrophones had been completed. By the terms of the agreement, the parties contracted that if the defendant licenses any telephone company to manufacture the device, that will be done upon condition that the plaintiff will manufacture 25% of the units produced, at a price for such units to be made up of the plaintiff’s “manufacturing costs, plus applicable general and administrative and other reasonable expenses, plus a reasonable profit ’ ’. The plaintiff agreed to keep its ‘ price competitive at all times ”, and the parties stipulated that “ In the event that such a price cannot be fixed by agreement between the appropriate parties, the price under the above formula shall be determined by arbitration, each party to appoint one arbitrator, and the two so appointed to agree upon a third arbitrator. The arbitrators’ determination shall be final.” The plaintiff pleads due and willing performance in the development, manufacture and promotion of the instrument, but that the defendant has breached the agreement on its part, not only with respect to the 1,000 devices previously ordered, but as to the contract involved in this cause of action and that the defendant has made and is at the present time making efforts to induce other manufacturers to enter license or other agreements for the manufacture and sale of Peatrophones, in derogation of substantial rights of the plaintiff. • The plaintiff then alleges it will be irreparably harmed unless defendant is restrained from permitting manufacture *512 under its patents unless, in granting such permission, it is subject to the contractual right of the plaintiff to produce the 25% of all units manufactured by the defendant or with its permission.
The defendant urges, in support of its motion to dismiss, that the plaintiff could be adequately compensated for any alleged breach in an action at law for damages, the amount of which would be readily ascertainable. I do not agree with the defendant’s contention. The uniqueness of the commodity which is the subject of the present contract, the background of the plaintiff’s efforts and expenditures in the development and manufacture of the patented device, the nature of the method agreed upon for the ascertainment of the price which plaintiff might charge, the effective date fixed for the commencement of the contract, and avoidance of multiplicity of suits — all are factors uniting in support of the proposition that the defendant’s breach and its threatened continuance may be serious and irreparable to the plaintiff unless the defendant complies with its contractual obligations to the plaintiff in the letting of licensing agreements. Under the circumstances I hold that (as a matter of pleading at least) the plaintiff does not have an adequate remedy at law — which is the only issue presented by the defendant in support of its application for dismissal of the complaint for alleged insufficiency upon its face.
So much of the defendant’s motion as is made under rule 102 of the Rules of Civil Practice is granted as requires paragraph ‘ Fourth ’ ’ wherever pleaded in the complaint to he amended so as to set forth the approximate dates when and the States where the general agreement and the several amendments thereto were made, and whether they were written or oral respectively. It is not so clear, as the plaintiff argues, that the pleaded agreement is obviously performable within a year; and while it is not necessary to rule on that question with finality on the present motion, the defendant is entitled to have the pleading in definite and certain shape for determination at the proper time as to the applicability of the Statute of Frauds. Rule 102 is, however, not the appropriate procedural vehicle to obtain copies of the alleged agreements if written, or to ascertain the substance thereof if oral (so long as facts are alleged sufficient to state a cause of action), or to learn the names of the participating representatives of the respective parties. That is the function of a demand for a bill of particulars. In consequence the balance of this branch of the motion is denied (cf. Hanson v. Hanson, 203 Misc. 396).
Order signed accordingly.