Matthew M. Levy, J.
It is alleged in the first cause of action pleaded in the complaint that, since January 1,1927, the defendant had been in a law partnership with the plaintiff’s now-deceased husband. On April 27, 1945 the deceased and the defendant had an accounting and adjusted their financial differences, resulting in an agreement between them that the defendant could take over the partnership business and continue the use of the partnership name after the death of the deceased, and that the value of the deceased’s interest, together with the past indebtedness owing by the defendant to the deceased, was $30,000, which sum the defendant agreed to pay to the deceased. With the consent of the defendant, given on that day, the plaintiff’s husband assigned the claim against the defendant to the plaintiff, and at the same time and place, with the written approval of the plaintiff’s husband, the defendant signed the following memorandum addressed to the plaintiff and delivered it to her:
Dear Mina
The monies that I owe you I will pay to you as follows: Twenty-five Dollars per week beginning one week from the death of your husband Louis M. Kommel. Such payments of Twenty-five Dollars per week I will make weekly until the full sum of the monies I owe you together with interest are paid. Max Zucker
I know of this arrangement and I approve of it.
Louis M. Kommel
*614 After the death of his partner in November, 1946, the defendant took possession of all of the assets of the partnership and continued it in the partnership name, and, on November 25, 1946, the defendant reiterated to the plaintiff that the amount at which the decedent’s claim was adjusted, and the amount which the defendant had agreed to pay her, was the sum of $30,000. Payments thereon were made by the defendant to the extent of $9,200. No payment has been made since July 18, 1958, and there is default in the sum of $7,176, which the plaintiff seeks to recover, plus the additional installments found to be due up to the time of the trial, with interest from their respective due dates.
In her second cause of action, the plaintiff repeats the allegations of the first, and then alleges that, in January, 1951, the defendant orally denied that the agreement required him to pay the sum of $30,000 and stated that he had agreed to pay the plaintiff $25 weekly only for and during her lifetime and demanded that the plaintiff assent thereto, and that the plaintiff further consent to a reduction of the weekly payments to $20. The plaintiff did consent to the reduction on condition that the payments be regularly made, which the defendant failed to do, and no payment has been made since July 18,1958. The demand for judgment under the second cause of action is the same as the demand under the first cause of action.
The defendant moves, pursuant to rule 102 of the Rules of Civil Practice, to require the plaintiff to serve an amended complaint in which the causes of action will be made more definite and certain, and, further, pursuant to rule 107, for dismissal of the first and second causes upon the ground that the contract there set forth is unenforcible under the provisions of the Statute of Frauds.
The first cause of action seems quite clear to me. Its basis, meaning and import are definite and certain. It is obvious from the pleading which of the critical allegations refers to a writing, and in consequence my decision in Hanson v. Hanson (203 Misc. 396) cited by the defendant, is not apposite here. And, from that point of view, the same may be said of the second count.
Further invoking rule 102, the defendant urges that he is entitled to know whether the plaintiff is proceeding upon an agreement calling for the payment of the definite sum of $30,000, as allegedly set forth in the first cause, or upon an. oral agreement for the payment by the defendant to the plaintiff of weekly sums during the plaintiff’s life, as set forth in the second cause — that is to say,' to use the defendant’s words, that *615 “ either she has a cause of action on the written agreement or on the substitute oral agreement.” In thus presenting his motion the defendant both misreads the allegations pleaded in the second count, and relies upon a rule of practice that is not applicable to the relief requested.
The plaintiff does not allege that she agreed to both of the areas of modification requested by the defendant. True, she sets forth both of the defendant’s demands in paragraphs 14 and 15 of the complaint, but, in the next paragraph, she alleges that she conditionally agreed to the reduction in the amount of the weekly payments — which was only one of the items involved, and which does not envisage a change of the obligation from a fixed sum of $30,000 to a sum contingent upon her life span. Looking, therefore, at the second cause of action as it is actually pleaded, it is my view that the purpose and purport of the second cause are also entirely free of ambiguity. In the second count, as I have said, the plaintiff repeats the allegations contained in the first cause of action. She then pleads modification of the $25-weekly-payment agreement to the extent that the plaintiff consented to the defendant’s request that there be a change in the original undertaking so as to provide for $20 weekly payments. It is plain that the plaintiff’s statement of consent as given was conditioned upon receiving such payments regularly, which, it is alleged, the defendant failed to make. Accordingly, it appears that the plaintiff, in her second cause of action, returns to the original agreement and seeks the balance due with respect to the principal obligation of $30,000. That she has the legal right to do. (Cf. Levins v. Troy Associates, 10 A D 2d 560, affg. 21 Misc 2d 543.)
As I read the pleading as a whole, therefore, I come to the conclusion that the allegations with relation to modification serve no function, since what the plaintiff relies on in pleading her second cause is not a recovery based upon that modification but upon the original agreement because of the defendant’s failure to comply with the modified agreement. Thus, if the second count were eliminated, and the defendant in his answer urged a modification of the agreement as defense to the first cause of action, the plaintiff of course would have her response that the modification agreement was not lived up to and, therefore, the original contract was revived, which actually is what the second cause of action says.
While I have made these comments, they have nothing at all to do with the defendant’s motion under rule 102. I have made them only to demonstrate why rule 102 does not apply. Nor, indeed, does this rule reach the objection urged, if defect it be. *616 In more recent practice, the plaintiff is not forbidden from pleading what may appear to be inconsistent, or even mutually exclusive, causes of action. Section 258 of the Civil Practice Act expressly provides that a “ plaintiff may join in the same complaint two or more independent or alternate causes of action, regardless of consistency ” (italics supplied). Of course, “ upon the application of any party the court may in its discretion direct a severance of the action or separate trials whenever required in the interests of justice. ’ ’ That is not this application, and, indeed, if such relief is to be requested at all, a motion in that behalf is more appropriately made at the trial, and certainly after answer (Ikle v. Ikle, 257 App. Div. 635; Carmody, New York Practice [7th ed. Forkosch], § 532, pp. 538-539).
The motion invoking rule 107 presents, perhaps, a more difficult question. The defendant relies upon the proposition that a contract is void unless it or some note or memorandum of it be in writing, if such contract by its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime (Personal Property Law, § 31, subd. 1).
The plaintiff urges, and it appears to be the fact from the affidavits submitted on this motion, that the accounting between the partners was had and the writing annexed to the complaint was drafted and signed by the defendant in April, 1945, while the plaintiff’s husband was hospitalized, that the document was then sealed and thus delivered to the plaintiff, and that she was not aware of its contents until after the death of her husband in November, 1946. These circumstances are irrelevant to a disposition of the instant motion. More crucial is the contention — made by the defendant — that the Statute of Frauds has not been complied with because a term of the agreement is lacking, to wit, the price, for, if a material term of the contract is omitted from the writing, then it is incomplete, and if it is a contract which may not be performed within a year, it would not be enforcible (2 Williston, Contracts [rev. ed.], § 574, pp. 1640-1645).
It is my view, however, that the plaintiff is entitled to maintain this action — insofar as I can tell from the complaint and the affidavits presented on this submission. I shall undertake to outline my reasons for this holding.
The payment of $30,000, as alleged, was a fixed obligation. It was the sum agreed upon by the partners in their accounting — which, as here alleged, was a transaction separate and apart from the defendant’s agreement to make installment payments. Such an accounting need not be in writing to be enforcible. *617 True, the performance of the contract here — the taking over of the partnership business, the continuance of the use of the firm name, the obligation to pay the $30,000 — was to commence after death of one of the partners, and it might seem that the Statute of Frauds is applicable. But death could have occurred within a year and, while the memorandum says that the defendant “ will ” pay a stated sum weekly, he could have made the full payment before the expiration of a year. In such circumstances, the Statute of Frauds does not apply (2 Williston, Contracts [rev. ed.], § 495, pp. 1441-1444).
Moreover, viewed from another angle on the basis of the facts presented to me on this submission, the sum of $30,000 does not appear to be a specified term of the installment payment contract sued upon, but rather the amount agreed upon on the accounting between the parties made before (although on the same day) the defendant wrote the note to plaintiff about the $25 weekly payments. As such, it is not an integral part of the writing, and its omission therefrom does not invalidate the transaction. That, in my opinion, is particularly true when the defendant’s moving affidavit invoking subdivision 7 of rule 107 is not made by the defendant but by someone who does not have knowledge of the facts, and there is no affidavit “ stating facts tending to show * * * [t]hat the contract on which the cause of action is founded is unenforceable under the provisions of the statute of frauds ” (italics mine), and, further, when the defendant did submit an affidavit by way of personal reply, it was quite devoid of facts as distinguished from argument.
On the whole, I think that the plaintiff is entitled to a ruling that her complaint be sustained, and it is so ordered, with leave to the defendant to answer the complaint and, if so advised, to plead the Statute of Frauds as a defense (Rules Civ. Prac., rule 108).