CAMBRIDGE FACTORS, Plaintiff, *v.* STATE BANK OF LONG BEACH et al., Defendants.

Supreme Court, Special Term, New York County, May 15, 1962.

*Bendes, Stark & Amron* (*Howard C. Amron* of counsel), for plaintiff. *Schultz & Epstein* for State Bank of Long Beach and another, defendants. *Warren L. Schnur* for Westbury Atlantic Club, Inc., and another, defendants.

MATTHEW M. LEVY, J. The plaintiff has brought this action for a declaratory judgment, and has asked in its complaint that it be determined that it have certain rights in corporate stock issued by the defendant Westbury Atlantic Club, Inc., to the defendant Nemerov. The plaintiff sets up its complaint in terms of two causes of action. Each cause relates to a different lot of 100 shares of the Westbury stock. In the first cause, the plaintiff pleads that it obtained certain judgments against Nemerov, that subpoenas in proceedings supplementary to judgment (with text of Civ. Prac. Act, § 781 duly indorsed thereon) were served upon the defendants Nemerov, the State Bank of Long Beach and Westbury, and that at that same time executions of the judgments were issued to the Sheriff. Allegedly, Nemerov then owned 100 shares of Westbury stock (of a total of 200 shares outstanding), which stock was then held by the State Bank as collateral, having been deposited with the bank by Nemerov subsequent both to the creation of Nemerov's indebtedness to

the bank and to the inception of the plaintiff's cause of action which resulted in the two judgments in its favor against Nemerov. The Sheriff levied upon the stock held by the bank, and, thereafter, sold it, the plaintiff being the purchaser. The plaintiff alleges that the bank has refused to deliver the stock to the plaintiff until the bank's claim against Nemerov is liquidated in full. The plaintiff claims that the transfer of the stock by Nemerov to the bank was in violation of a stockholders' agreement between Nemerov and the defendant Wolpov, both stockholders of Westbury, which agreement assertedly restricted the transfer or hypothecation of the stock. The plaintiff further alleges that the bank knew or should have known of the stockholders' agreement and that the transfer was in violation thereof. It is further pleaded that Nemerov was insolvent when he transferred the stock to the bank.

As to the second cause of action, the plaintiff repeats its allegations about the recovery of the two judgments, the service of subpœnas in supplementary proceedings and the issuance of the executions to the Sheriff. It then alleges that Westbury was, prior to the recovery of the judgments, indebted to Nemerov for about $15,000, and that shortly prior to the plaintiff's recovery of the judgments, Nemerov exchanged this indebtedness in return for the issuance to him of an additional 100 shares of stock, subject, like the first lot of stock, to the stockholders' agreement. Subsequent to the institution of the supplementary proceedings, the bank demanded and received from Nemerov this additional 100 shares as further collateral for the existing indebtedness. Thereafter, the Sheriff levied upon and sold this second lot, the plaintiff purchasing it also. As with the first lot, the bank refused to make delivery to the plaintiff.

Asserting that is has no adequate remedy at law, the plaintiff seeks a judicial declaration (1) that it owns the first 100 shares free and clear of any lien or claim by any of the defendants; (2) that it owns the second 100 shares similarly; (3) that the transfer of the first 100 shares to the bank was fraudulent as against the plaintiff; (4) that the exchange of Nemerov's debt for the issuance of the second 100 shares by Westbury was fraudulent as against the plaintiff; (5) that the transfer of the second 100 shares to the bank was fraudulent as against the plaintiff; and (6) that pending the hearing and determination of this action, the bank be enjoined from transferring or selling any of the stock.

Two of the four defendants, the bank and Nemerov, move for an order, pursuant to subdivision 1 of rule 102 of the Rules of Civil Practice, to require the plaintiff to serve a further

amended complaint so as to make the pleading more definite and certain. The movants argue that the plaintiff is, in reality, stating, in each of its counts, several causes of action — for fraudulent conveyance, for title pursuant to the Sheriff's sale, for violation of the restraining provisions of the subpœna in supplementary proceedings — that, as to some of these causes, the plaintiff has an adequate remedy at law, and that the pleading should be so framed as to place the defendants in a position to answer or otherwise move with respect to each count. By their motion, the defendants seek to make the complaint more definite and certain in the following respects: (a) as to the first cause of action, whether the plaintiff seeks to enforce title as against the defendant bank to the first 100 shares pursuant to the Sheriff's sale, or whether the plaintiff asserts a claim by reason of the alleged prohibition against hypothecation in the stockholders' agreement; and (b) as to the second cause of action, whether the plaintiff claims by reason of a violation by the bank of the restraining provision in the subpœna in the supplementary proceedings, or by reason of the Sheriff's sale, or because the hypothecation of the second 100 shares was fraudulent as against the plaintiff, or by reason of the alleged prohibition against hypothecation in the stockholders' agreement.

There may be, it is true, some intermingling of causes of action implicit within each of the plaintiff's two designated "causes", each of which in essence lays the factual basis for several different legal claims to one of the two 100-share lots. But the plaintiff's two "causes" are easily recognized as really no more than two series of factual allegations, each pertaining to one of the two contested lots of corporate stock; and the various rights which the plaintiff asserts and the legal claims on which it relies are clearly embodied in the series of requested judicial declarations set forth in the prayer for relief.

I therefore do not agree that the defendants are entitled to the relief sought either on the basis of the motion as made or on the ground set forth in their argument.

On the procedural point, it will be recalled that the defendants did not bring on a motion invoking rule 90 of the Rules of Civil Practice, but, rather subdivision 1 of rule 102. The first mentioned rule is brought into play when a defendant seeks to require a plaintiff separately to state and number his causes of action; the second, to require a plaintiff to make his complaint more definite and certain.

An application to make a complaint more definite and certain is intended fundamentally to facilitate preparation of the pros-

pective pleading of the defendant (*Hanson* v. *Hanson*, 203 Misc. 396). Since what the complaint here seeks is declaratory relief (Civ. Prac. Act, § 473; Rules Civ. Prac., rules 210, 211), it is difficult to see how it could be framed any more adequately in terms of aiding the defendants in that respect. In a complaint for a " declaratory judgment ", the facts setting forth the controversy must, of course, be alleged in the usual manner. But, it seems to me, the allegations permissible to set forth a cause of action in such a suit are not necessarily circumscribed (see EAGER, J., in *Old Ladies' Home in City of Poughkeepsie* v. *Patrie*, 112 N. Y. S. 2d 41, 44–45), as are those required to state a simple count praying for the usual " coercive "* judgment.

" The gravamen of an action for a declaratory judgment is the showing of a genuine controversy between the parties as to their legal rights and relations. It is not necessary for the complaint in such an action [for a declaratory judgment] to set forth facts showing a right in the plaintiff to a recovery of particular relief or of property or money from the defendant " (22 Carmody-Wait, New York Practice, § 29, p. 744). The plaintiff here has satisfied this test. The facts have been pleaded with care and particularity, and in its prayer for relief, the plaintiff has enumerated in sequence the various determinations that it seeks. The defendants can not be in any reasonable doubt in respect thereto. They have not attacked the complaint upon the ground that it does not state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 4). Nor have they sought to present to the court a contention that the plaintiff has instituted a suit in which the discretionary remedy of a declaratory judgment is not available to them, because normal relief obtainable at law or in equity would suffice (*Orenstein* v. *Sheinman*, 144 N. Y. S. 510, affd. 1 A D 2d 660).

All that the movants complain about is that the complaint is not definite and certain. That, in my view, is certainly not the case. The motion is therefore denied, with leave to answer.

---

* I am indebted to Prashker, New York Practice (4th ed.) [Prashker & Trapani], § 478, p. 870, for the distinctive terminology here used. See, also, Developments in the Law — Declaratory Judgments, 62 Harv. L. Rev. 787.