## WARNER v. JAMES et al.

(Supreme Court, Appellate Division, First Department. May 6, 1904.)

**1. PLEADINGS—DEFINITENESS—ACTIONS FOR DECEIT.**

In an action against the directors of a corporation for false representations as to its affairs, a complaint alleging that plaintiff decided to withdraw his deposits, and when about to serve a notice of such withdrawal upon the corporation he communicated his intention, but was induced to refrain by reason of the false representations of defendants, was indefinite in failing to specify the time when plaintiff decided to withdraw his deposits, the date of his communication of that fact to the corporation, the officers to whom he communicated his intention, and the time that the representations which induced him not to withdraw the deposits were made, and to that extent was subject to a motion to make more definite and certain.

**2. SAME.**

In an action against the directors of a corporation for false representations as to its affairs, inducing plaintiff to leave his deposits with the corporation after he had decided to withdraw them, plaintiff could not be compelled, by a motion to make the complaint more definite and certain, to set out in full his certificates of deposit referred to therein, but, if it was necessary that defendant have an inspection thereof, he should make application for a discovery after the case was at issue.

**3. SAME.**

In an action against the directors of a corporation for false representations as to its condition inducing plaintiff to leave his deposits with the corporation, where the complaint alleged the deposit of money for plaintiff's children, and gave the date, number, and amount of his certificates of deposit, defendants were given sufficient information to meet the allegations, and it was unnecessary to allege whether the deposits were made in the name of the children or in the name of plaintiff for their benefit.

Appeal from Special Term, New York County.

Action by William C. Warner against Thomas L. James and others. From an order denying a motion to require plaintiff to make his complaint more definite and certain, defendants appeal. Modified.

See 85 N. Y. Supp. 153.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William Hepburn Russell, for appellants.
Horace E. Deming, for respondent.

INGRAHAM, J. We see no reason for interfering with the order of the court below, except in one particular. By the twenty-first para-

graph of the complaint it is alleged that in the spring of 1898 the plaintiff deposited with the defendants the sum of $2,600, and that he, as agent for others, made other deposits with the corporation specifying the date of each deposit; that he decided to withdraw said deposits, and, when about to serve a notice of such withdrawal upon the corporation, he communicated to said corporation his decision and intention to withdraw said deposits, but was induced to refrain from that action by reason of certain alleged false representations made to him by the defendants in relation to the corporation. This allegation as to the communication of his intention to withdraw is indefinite in failing to specify the time when he had decided to withdraw his deposits, the date of his communication of that fact to the corporation, the officers to whom he communicated his intention, and the time that the representations which induced him not to withdraw the deposits were made, and to that extent, I think, the complaint should be made more definite and certain. The date of the communication of this intent to the officers of the corporation, and the officers to whom it was made, are quite material, as the liability of a defendant would depend upon his being a director, and responsible for the representations at the time they were made. It would be improper to compel the plaintiff, as a part of his cause of action, to set out in full the various certificates referred to in his amended complaint. If, after the action is at issue, it is important for the defendants to have an inspection of the certificates of deposit, the proper application would be for a discovery.

The complaint, we think, is not indefinite and uncertain as to the other instances to which attention is called. When the plaintiff alleges that he deposited the money for his children, giving the date, number, and the amount of the certificates received as representing the deposits, all the information about the deposits necessary to enable the defendants to meet the allegations is given. It is entirely immaterial whether the deposits were made in the name of the children or in the name of the plaintiff for their benefit. The action is not brought to recover on the certificates, but for damages sustained in consequence of the alleged fraudulent representations by the defendants. The allegation in relation to the assignments as alleged in the thirty-sixth paragraph of the complaint is specific, and there can be no uncertainty as to the persons who made the assignment.

The order appealed from should therefore be modified by requiring the plaintiff to make the complaint more definite and certain in the particular specified, and in other respects denying the motion, without costs of this appeal. All concur.