(115 App. Div. 286)

## PIGONE v. LAURIA et al.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

PLEADING—MOTIONS—MAKING ANSWER MORE DEFINITE AND CERTAIN.

 Where, in an action for injuries, the answer alleged the execution of a release by plaintiff, a motion to make the amended answer more definite and certain by stating the date of the execution and delivery of the release should have been granted; an application for a bill of particulars not being the proper remedy.

Appeal from Special Term, New York County.

Action by Mattie Pigone against Pasquale Lauria and others. From an order denying a motion to make the amended answer more definite and certain, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Arthur Ofner, for appellant.
H. S. Recknagel, for respondents.

INGRAHAM, J. The action is to recover for personal injuries sustained by the plaintiff in consequence of the giving away of a grating

maintained by the defendant in a public street. As a defense, it is alleged in the answer that the defendant, for a valuable consideration paid to the plaintiff, agreed to compromise the alleged cause of action set forth in the complaint; that the plaintiff, on the payment of said consideration, exacted and delivered to the defendants, or some of them, a general release, releasing them from all liability in respect to the alleged injury described in the complaint, and the defendants plead the said general release as a bar to any recovery as against the defendants in this action. The plaintiff then moved that this allegation in the answer be made more definite and certain by stating the date upon which the alleged compromise was made and the date upon which the general release was executed and delivered.

I think the defendant should have been required to state the date of the execution and delivery of this release. There is no allegation as to whether this release was delivered prior or subsequent to the commencement of the action, and the plaintiff is entitled to have that fact stated as a defense. The motion was denied by the learned judge at Special Term on the ground that the proper remedy was to apply for a bill of particulars, but we think that it is more consistent with the proper practice, where the allegation is the execution of a written instrument upon which a cause of action for a defense is based, to have the definite facts in relation to such an instrument set forth in the pleading, rather than to require the facts in relation to it to be specified in the bill of particulars. Where the allegation in relation to a written instrument is indefinite in failing to state its date, or as to a fact in relation to the instrument itself upon which its validity or effect may depend, to enable the defendant to plead such a defense as the statute of frauds and statute of limitations or to demurrer, the proper remedy is to move to make the pleading definite in the particulars in which it is indefinite. The proper office of a bill of particulars is to specify the particulars of the party's claim or defense, either for the purpose of limiting the party's proof or preventing surprise upon the trial. The date of one or several payments set out to defeat in whole or in part the plaintiff's claim should be furnished by a bill of particulars, but the date of the execution and delivery of an instrument upon which a claim or defense is based is a part of the instrument itself, and thus a part of the claim or defense, and when that is indefinite the pleading should be made definite in that particular.

None of the cases cited by the respondent apply. In Dumar v. Witherbee, Sherman & Co., 88 App. Div. 181, 84 N. Y. Supp. 669, the action was for negligence, and it was asked that the complaint be amended so as to state definitely and with certainty the particular wall, roof, or other portion of the defendant's mine from which the rock fell and killed the plaintiff's intestate. Here information was desired as to the particular part of its mine in which the accident happened. It could make no difference as to the liability of the defendant, but it was applied for to prevent surprise upon the trial or to limit the plaintiff's proof. This question, however, seems to have been presented in the Second Department in Bennett v. Lawrence, 71 App. Div. 413, 75 N. Y. Supp. 902. It was then held that, the date of a payment not hav-

ing been specified in the answer, the court should have required that date to be specified on a motion to make the answer more definite and certain. The same rule was followed as to a date in Warner v. James, 94 App. Div. 257, 87 N. Y. Supp. 976, and, so far as I can see, it has been the uniform rule that, where the date of an instrument or a fact upon which a cause of action or defense is based is not given, the pleading is indefinite in that respect, and therefore, a motion will lie to make it definite.

I think the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, the costs here awarded to abide the final result of the action. All concur.