### PRINGLE v. MULHOLLAND.

(City Court of New York, Special Term. March, 1909.)

1. MONEY LENT (§ 6*)—COMPLAINT—SUFFICIENCY.

    A complaint alleging that on a date set out plaintiff's intestate loaned defendant a certain sum of money, which defendant promised to repay, pursuant to an agreement annexed, and that there is a balance due, contains all the elements necessary to maintain an action for money loaned,

irrespective of the alleged annexed agreement, and is not demurrable because it is not annexed or set out in the complaint.

[Ed. Note.—For other cases, see Money Lent, Cent. Dig. § 8; Dec. Dig. § 6.*]

**2. PLEADING (§ 367*)—MOTION TO MAKE MORE DEFINITE.**

A complaint alleging that plaintiff's intestate loaned defendant money, which he promised to repay, pursuant to an agreement annexed, is subject to a motion to make more definite, where such agreement is not annexed.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 367.*]

Action by Agnes M. Pringle, as administratrix of the estate of John Battle, deceased, against James Mulholland. Defendant demurs. Demurrer overruled, with leave to plead over.

Gustave Goodman, for plaintiff.

Robertson, Harmon & Davis, for defendant.

FINELITE, J. Defendant demurs to plaintiff's complaint upon the ground that the same does not state facts sufficient to constitute a cause of action. The complaint is for money loaned to the defendant by one John Battle, plaintiff's intestate. Paragraph 1 of the said complaint is as follows:

"That on or about the 9th day of July, 1904, at the city of New York, the plaintiff's intestate loaned to the defendant above named the sum of $18,000, which the defendant promised to repay, with interest, pursuant to a certain agreement, hereto annexed and marked 'Schedule A,' which is hereby made a part of this complaint."

Defendant contends that his demurrer should be sustained, for the reason that the Schedule A, above referred to, or a copy of the alleged agreement, is not annexed or set out in said complaint, and for that reason the complaint does not state facts sufficient to constitute a cause of action. The court believes that the complaint contains all the elements necessary to maintain an action for money loaned, viz., the loan is set forth, and the date, to wit, July 9, 1904, the promise to repay, that a part thereof has been paid, and that there is still due and owing from the defendant $700 and interest, so if the schedule or agreement was entirely eliminated, and no mention made of it, still the complaint, containing as it does the allegations above referred to, would be sufficient to sustain the action for money loaned.

The better practice, it strikes the court, would be a motion to make the complaint more definite and certain as to the substance of the agreement. "Where the allegation in relation to a written instrument is indefinite in failing to state its date, or as to a fact in relation to the instrument itself, upon which its validity or effect may depend, to enable the defendant to plead such a defense as the statute of frauds, the statute of limitations, etc., * * * the proper remedy is to move to make the pleading definite in the particulars in which it is indefinite." Pigone v. Lauria, 115 App. Div. 286, 100 N. Y. Supp. 976. The agreement is not annexed to the complaint, and the defendant may desire to inform himself as to a fact in relation to it, and as he is entitled to know its substance a motion will lie to make the complaint more definite in that particular. However, the court is of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

belief that the allegations of fact set forth in the complaint are sufficient to apprise defendant just what facts are relied on by the pleader to sustain his right to a recovery.

Demurrer overruled, with leave to defendant to plead over upon payment of costs.