UNITED STATES PRINTING & LITHOGRAPH CO. v. POWERS et al.

(Supreme Court, Appellate Division, First Department. February 18, 1916.)

PLEADING ☞367—MOTION TO MAKE MORE DEFINITE AND CERTAIN—BILL OF PARTICULARS.

A bill of particulars is not part of the pleadings, and it cannot enlarge a cause of action or perfect an imperfect pleading, and therefore, where the complaint was defective, because it only alleged a legal conclusion as to the effect of various agreements when read together, without specifying by letter or substance the tenor of such agreements, a motion to make the pleading more definite and certain must be granted, and cannot be denied because the agreements were set out in a bill of particulars.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 64, 1173–1193; Dec. Dig. ☞367.]

Appeal from Special Term, New York County.

Action by the United States Printing & Lithograph Company against Patrick A. Powers and others. From an order denying the motion to make the complaint more definite and certain, the named defendant appeals. Order reversed, and motion granted.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Samuel F. Moran, of New York City, for appellant.
Ernest E. Wheeler, of New York City, for respondent.

SCOTT, J. The defendant appellant Powers is sued as guarantor of the indebtedness of a corporation known as "Warner's Features, Inc.," to plaintiff. The allegations of the complaint so charging him read as follows:

"Fifth. That it was on or about the 26th day of August, 1913, by various agreements in writing, dated the 26th day of August, 1913, agreed between the plaintiff, said Warner's Features, Inc., and the defendants above named,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that the plaintiff should for a period of three years have the option of doing all the lithographic work of said Warner's Features, Inc., and that the plaintiff should lend to Warner's Features, Inc., the sum of twenty-five thousand dollars ($25,000) and that the defendants should guarantee to the plaintiff, and the defendants did guarantee to the plaintiff, the payment of any and all indebtedness of Warner's Features, Inc., to the plaintiff, granting to the plaintiff the privilege of extending such indebtedness from time to time as it might see fit, and to taking or surrendering security therefor."

It is this paragraph which appellant seeks to have made more definite and certain "by setting forth in full, or by annexing to the complaint as exhibits, the alleged agreements of August 26, 1913," referred to in the above paragraph. It is obvious at a glance that the paragraph as framed is indefinite and uncertain, for it sets forth "various agreements in writing," which may mean any number from two upward, and in stating the obligation said to have been assumed by appellant it gives the pleader's conclusion as to the result of all these "various" agreements taken together, without alleging specifically the substance of any one of them. This amounts to pleading the plaintiff's conclusion as to the legal effect of an indefinite number of contracts of no one of which is either the form or substance given. This presents nothing to which appellant can plead. If nothing else appeared, we should have no doubt that the motion should have been granted.

In answer to the motion the plaintiff voluntarily served a verified bill of particulars setting forth in full three agreements which it states to be the agreements referred to in the fifth paragraph of the complaint. This suggests the question whether or not the indefiniteness of the complaint is cured by the specifications furnished by the bill of particulars. The question when a pleading should be made more definite and certain, and when a bill of particulars will serve to cure an apparent indefiniteness or obscurity, has been much mooted, and it cannot be said that the decisions upon the point are at all harmonious. That there is a distinction, however, is well settled. Dumar v. Witherbee, 88 App. Div. 181, 84 N. Y. Supp. 669; Harrington v. Stillman, 120 App. Div. 659, 105 N. Y. Supp. 75. In Pigone v. Lauria, 115 App. Div. 286, 100 N. Y. Supp. 976, this court said:

"Where the allegation in relation to a written instrument is indefinite in failing to state its date, or as to a fact in relation to the instrument itself upon which its validity or effect may depend, to enable the defendant to plead such a defense as the statute of frauds and statute of limitations, or to demur, the proper remedy is to move to make the pleading definite in the particulars in which it is indefinite. The proper office of a bill of particulars is to specify the particulars of the party's claim or defense, either for the purpose of limiting the party's proof or preventing surprise upon the trial."

It is well settled that a bill of particulars is no part of the pleadings, and that it cannot enlarge a cause of action or perfect an imperfect pleading. Dodge v. Weill, 158 N. Y. 346, 53 N. E. 33. It cannot be pleaded to, and it will not serve to render a defective pleading immune from demurrer.

In the present case the complaint is defective, because in its fifth paragraph it alleges only a legal conclusion as to the effect of "various" agreements when read together, without specifying in letter or substance the tenor of any one of the agreements. Such a complaint

cannot be answered, except by meeting one legal conclusion with another, and there is not stated, on the face of the complaint, enough to enable the court to determine which legal conclusion should be sustained. In my opinion this is a typical case for the application of the remedy of requiring a complaint to be made more definite and certain.

Order appealed from reversed, with $10 costs and disbursements, and motion granted, to the extent of requiring plaintiff to amend the complaint by alleging in letter or substance the agreements referred to in the fifth paragraph thereof. Order filed. All concur.