JAMES J. DUNCAN, Respondent, v. INTERNATIONAL COMMITTEE
   OF YOUNG MEN'S · CHRISTIAN ASSOCIATIONS, Sued as "INTER-
   NATIONAL COMMITTEE OF THE YOUNG MEN'S CHRISTIAN ASSO-
   CIATION, ARMY & NAVY BRANCH," Appellant.

First Department, March 9, 1917.

Negligence — injury by fall of piano moved on truck of inadequate
   dimensions — circumstances constituting prima facie proof of negli-
   gence — failure to object to proof of negligence not pleaded.

Where the defendant, the International Committee of the Young Men's
   Christian Association, through its servants attempted to move in its
   building an upright piano of considerable weight which had a base six
   feet by two feet, by placing it upon a truck the wheels of which both in
   length and breadth were only fifteen inches apart, the truck itself being
   seven inches from the ground, with a result that the piano fell over and
   injured the plaintiff, who as an invitee was seated upon a bench, the
   accident itself and the circumstances under which it happened are suf-
   ficient to raise a presumption of negligence without proof as to what
   particular negligent motion of the defendant's servant caused the acci-
   dent. On such evidence a verdict for the plaintiff is justified, there
   being no question of his contributory negligence.

Although no negligence as respects the adequacy of the truck was alleged
   in the complaint, the issue was properly submitted to the jury where
   such negligence was specifically stated in the bill of particulars and the
   truck itself was introduced in evidence by the defendant, and the latter
   in making objection to the submission of the issue at the close of the
   charge did not call the attention of the court to the fact that it was not
   pleaded. This, because one seeking to enforce the rule that the facts
   proven in a case are not available unless pleaded must take an objection
   upon that ground at trial, otherwise the objection is not available at
   any later time.

SCOTT and PAGE, JJ., dissented, with opinion.

APPEAL by the defendant, International Committee of Young
Men's Christian Associations, from a judgment of the Supreme
Court in favor of the plaintiff, entered in the office of the
clerk of the county of New York on the 21st day of April,
1916, upon the verdict of a jury, and also from an order
entered in said clerk's office on the 26th day of April, 1916,
denying defendant's motion for a new trial made upon the
minutes.

*George O. Redington,* for the appellant.

*Anthony J. Ernest* and *Francis J. Hogan,* for the respondent.

SMITH, J.:

The plaintiff was within a building owned and occupied by the defendant as an invitee. He was seated upon a settee at the side of a large hall, twenty feet or more in width and a considerably greater distance in length. An upright piano was being moved through the hall into one of the rooms opening off therefrom, by the defendant's servants, and while so being moved, and while the plaintiff was sitting upon the settee, the piano fell over upon him and caused the injuries for which he has here recovered. This piano was an upright piano of considerable weight, and the base was six feet in length by two feet wide. The truck placed thereunder upon which it was being moved was a four-wheeled truck, upon which a frame was placed, the wheels being placed fifteen inches apart both in breadth and in length, upon centers. The top of the truck itself was seven inches from the ground. It would seem to be apparent that a heavy load put upon so small a truck would need to be carefully put thereupon and to be carefully handled in order to avoid its falling off, and when the piano was rolled along upon the truck in close proximity to the plaintiff and fell over upon the plaintiff, that fact of itself, in connection with the circumstances of the case, in my judgment is *prima facie* proof of the negligence of the defendant's servants in handling the same. It is of course impossible to prove just what negligent motion of the defendant's servants caused the piano to fall or just what negligent want of care in the bracing of the same; nor is such specific proof required in a case where the accident can only happen in the natural course of events by the careless act of the employee. There is no claim of any contributory negligence on the part of the plaintiff, and it seems clear that the occurrence of the accident itself, together with the circumstances under which it happened, is sufficient to authorize the jury's conclusion that the defendant's servants were negligent in the handling of the piano.

First Department, March, 1917.                    [Vol. 176.

It is strongly contended, however, that the court erroneously submitted to the jury the question of the adequacy of the truck upon which the piano was being moved, without any allegation in the complaint of negligence in respect thereof. It is true that the complaint alleged negligence simply in the handling of the piano. The court first charged the jury that the question for them to determine was, "Did the servant of the defendant exercise reasonable care and caution in moving that piano? If he did not, the defendant should be held for negligence. If he did exercise reasonable care and prudence, and from no fault of his the piano fell, then the falling of it may be attributed to what is generally called an unforeseen accident." The court thereafter charged: "Now, you have to determine upon this question two things: As an incident, was the truck which has been put in evidence before you an adaptable or adequate means, so far as safety is concerned, to transfer that piano from one place to another? It does not follow that because it has been used for a long time that that is to excuse the use of it, if the thing be unsuitable and inadequate for the purpose intended. The piano lay upon this truck loosely; there was no fastening about it, and if in the propelling of that piano in its turning or in the guiding by which its balance was lost it fell crushing the thumb of the plaintiff, then the defendant should be held responsible." The court afterwards charged: "The law casts upon the plaintiff what is called the burden of proof. He must satisfy you by a fair preponderance of all the credible testimony in the case that the accident which befell him was due solely and exclusively to the negligence of the defendant, and that he did not in any way contribute to it by his own negligence. If you come to the conclusion that the plaintiff has failed to satisfy you by a preponderance of the credible proof, your verdict should be for the defendant." At the close of the charge the defendant's counsel said: "I respectfully except to that part of your Honor's charge, in speaking of the truck, with regard to its being an adaptable and adequate or suitable appliance. I further except to that part of your Honor's charge wherein your Honor stated that the fact that the truck had been used a long time without accident does not indicate that it is a sufficient appliance." The Court: "I did

not say a sufficient appliance." Mr. Redington: "Well, whatever the term was that your Honor used. I understood your Honor to charge that the mere fact that the truck had been used for a long time, does not indicate that it was sufficient —." The Court: "No, I did not use the word appliance." Mr. Redington: "Well, that it was sufficient for that purpose." The Court: "I did not use the words 'sufficient truck.' However, you have the benefit of your exception."

It can hardly be held that the question was not a proper one to submit to the jury provided the defendant had been notified thereof by plaintiff's complaint. That the truck was so small and so high from the ground as to cause the piano to fall over if it fell off the truck unless most carefully handled is shown by the accident itself. Whether the moving of so heavy a piano upon a truck with the wheels so near together was a negligent act would, if insisted upon in the complaint, have been a proper question for the jury. While it is undoubtedly true that the charge is not clear, nevertheless a fair inference from the charge and the colloquy between the court and counsel at the end of the charge would be that the court intended the jury to understand that the adequacy of the truck was an incident to the care required in the defendant's servants in moving the piano and was to be considered by them only in connection therewith. If defendant's counsel had desired to clarify the situation it could have been accomplished by a simple request to charge, which was not made.

The objection that this was erroneously submitted to the jury because of the fact that it was not in the complaint is not well taken. It was specifically stated in the bill of particulars and the truck was introduced in evidence by the defendant itself. Moreover, when the objection was made to the submission of this issue to the jury at the close of the charge, the attention of the court was not called in any way to the fact that it was not pleaded. In *Eastwood* v. *Retsof Mining Co.* (86 Hun, 91) the rule is stated in an opinion by Mr. Justice RUMSEY, as follows: "When one seeks to enforce the rule that facts proven in the case are not available unless they are pleaded, he must take this position at the trial, and, if the objection to the proof of the facts is not put upon that precise ground at

First Department, March, 1917. [Vol. 176.

the trial, it cannot be taken advantage of at any later time." That case was affirmed in 152 New York, 651.

We see no reason, therefore, for disturbing the judgment, which, with the order, should be affirmed, with costs.

Clarke, P. J., and Davis, J., concurred; Scott and Page, JJ., dissented.

Scott, J. (dissenting):

I am unable to concur in the affirmance of the judgment appealed from. There is no doubt that the plaintiff was injured and, if he is entitled to recover any damages at all, the verdict in his favor is not unreasonably large.

The difficulty I find is that, as I read the evidence and understand the law, the plaintiff failed to prove a cause of action for any damages at all.

The plaintiff was a visitor at the association building in Brooklyn. It is conceded that he was an invitee and that defendant owed him the duty of ordinary care. (*Hart* v. *Grennell,* 122 N. Y. 371.) He was sitting on a settee waiting for a friend, while two employees of defendant were engaged in moving an upright piano from one part of the hallway to another. As the piano approached the place where plaintiff was sitting and when defendant's employees were about to change its course, or were in the act of so changing it, the piano toppled over and fell against plaintiff's hand, crushing his thumb. The method of moving the piano was by placing it upon a small four-wheeled truck, and so wheeling it from place to place. This particular truck had been in use for several years for this purpose and the piano had been moved by this means very many times, at least a hundred and probably more. The employees engaged in the work had had great experience, having been accustomed to move the piano in the same way, and by means of the same appliance every Sunday for a number of years. It did not appear that any similar accident had ever happened before.

No evidence was given of any departure by the employees from their usual methods when called upon to move the piano, and no particular act or failure to act on their part is pointed out as the cause of the accident. The plaintiff was content to

rest upon proof of the happening of the accident, asking the jury to find from the bare fact that an accident happened that it was due to some negligence, not specified, on the part of defendant's employees.

No rule of law is better settled than that the mere fact that an accident happened is not sufficient to fasten a charge of negligence upon a defendant. As said by Judge MARTIN in a dissenting opinion in *Cassidy* v. *Uhlmann* (170 N. Y. 534): "A jury will not be permitted to base a verdict upon surmise, upon mere food for speculation, or to enter into the realm of conjecture, to find a verdict." An apparent, though not real, exception is found in those cases in which the nature of the accident and the surrounding circumstances in themselves impute negligence, because, according to the common experiences of mankind the accident would not have happened unless the defendant had been negligent. In such cases not the accident alone, but the accident and the surrounding circumstances themselves, furnish *prima facie* evidence of negligence, and, as it is said, *res ipsa loquitur*. It certainly cannot be said, as it seems to me, that the nature of this particular accident was such that nothing but defendant's negligence could have caused it. Many other things might have contributed thereto.

The effect of affirming this judgment, as it seems to me, is to lay down the law that if a plaintiff is unable to prove what caused an accident he may fall back upon the *res ipsa loquitur* rule, and ask the jury to guess that defendant was negligent. That certainly would be a new departure in the law of negligence. "The defendant was not required to account for what struck the plaintiff. An unusual occurrence, resulting in injury, does not, of itself, raise the presumption of neglect on the part of the person who is charged with the performance of some duty. The accident must be such as necessarily to involve negligence." (*Eaton* v. *N. Y. C. & H. R. R. R. Co.*, 195 N. Y. 267.)

The fact that the piano had frequently been moved in the same way is strong evidence that the method adopted was not dangerous. (*Duke* v. *American Museum of Natural History*, 157 App. Div. 637.) "Failure to guard against that which has never occurred, and which is very unlikely to occur, and which

does not naturally suggest itself to prudent men as something which should be guarded against, is not negligence." (*Ryan v. Cortland Carriage Goods Co.*, 133 App. Div. 467.) "The rule of reasonable care must be considered, not in the light of the accident which happened, but with reference to what ordinary prudence should have anticipated as likely to happen." (*Johnson v. City of New York*, 208 N. Y. 77, 83.)

If negligence cannot be imputed to defendant by reason of the method adopted to move the piano, it must be found in some act of omission or commission on the part of the employees engaged in the work, and no such act is shown. The plaintiff asks us to hold that they must have been negligent in some way, which he does not point out, else the accident would not have happened. That is not the accepted way to prove negligence.

I also think that the court erred in submitting to the jury the question whether the truck was " an adaptable or adequate means, so far as safety is concerned, to transfer that piano from one place to another." There was no claim in the complaint that the means so used were inadequate, and while there is a hint of such a claim in the plaintiff's bill of particulars, it is well settled that a bill of particulars cannot be used to enlarge the allegations of the complaint. (*U. S. Printing & Lithograph Co. v. Powers*, 171 App. Div. 406.) The sufficiency of the truck was not an issue in the case and should not have been submitted to the jury.

The judgment and order should be reversed and the complaint dismissed.

PAGE, J., concurred.

Judgment and order affirmed, with costs.