WELLS & NEWTON COMPANY, Appellant, *v.* LORENCE REALTY COMPANY, INC., and DANIEL S. BRASSIL, Respondents, Impleaded with FRANK SCHREIBER, Defendant.

First Department, December 7, 1917.

**Contract — agreement to install fire sprinkler system in building from which tenants have been removed — mechanic's lien — counterclaim — failure of contractor to complete work by time set — resulting loss of rent — measure of defendant's damages — evidence — judicial notice.**

Where a contract, under which the plaintiff was to place a fire sprinkler system in the defendant's building from which the tenants had been removed by order of the fire commissioner until such system should be installed, required the plaintiff to complete the work by the seventh of April, but it was not completed until two and one-half months after the time set, the defendant in an action to foreclose a mechanic's lien filed by the plaintiff is entitled to counterclaim for its loss in rent caused by the exclusion of the tenants during the plaintiff's delay in performance, there being no legal excuse for the plaintiff's failure to complete the contract at the agreed time.

But the defendant is not entitled to recover for loss of rent beyond the time when the plaintiff actually completed its work and the system was installed upon the theory that the installation was completed after the first of May, which was the usual renting day for such premises, there being nothing to show that damages arising from said custom were in the contemplation of the parties when the contract was made.

The court will not take judicial notice of the fact that such premises are usually leased in the months of May and February.

APPEAL by the plaintiff, Wells & Newton Company, from so much of a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of New York on the 27th day of April, 1917, upon the decision of the court after a trial at the New York Special Term, as awards defendant Brassil affirmative relief on his counterclaim.

*J. Power Donellan,* for the appellant.

*Frank B. Vermilya,* for the respondents.

SMITH, J.:

The Lorence Realty Company, Inc., was a corporation owning a building in Elizabeth street, in the borough of Manhattan. That was rented to various tenants. Upon Decem-

ber 30, 1915, the fire commissioner, complaining that there was not enough fire protection, obtained an order from Mr. Justice PLATZEK compelling the removal of the tenants of said building until various changes were made, among them the installation of a fire sprinkler system. On the 4th day of January, 1916, the plaintiff made an agreement with one Brassil, acting as agent for the Lorence Realty Company, to place a sprinkler in said building, the contract providing in part as follows: " The sprinkler contractor agrees to have all the work under this contract completed and approved within sixty working days after approval of the plans by the New York Fire Insurance Exchange." Those plans were approved January 28, 1916, and the sixty working days provided for in the contract expired on April 7, 1916. The system was not fully installed until June 22, 1916, two months and a half after the time when the work should have been completed under the contract. The contract price was about $4,575. Two thousand dollars had been paid thereupon, and the plaintiff filed a lien for the balance of the moneys due, and brings this action to foreclose the lien.

The defendants have made proof, and the court has found that the delay in installing this sprinkler system was not caused in any part by any act of the defendants, and further that at the time of the making of the contract it was contemplated that the tenants were to be removed until the installation of the sprinkler system and that the building could not be leased or any part thereof until its complete installation. The court below found that the general time for the leasing of these buildings was in February and May, and that because of the failure of the plaintiff to install this system before the first of May so that the premises could then have been leased, the plaintiff is responsible for all damages suffered by reason of the failure of the Lorence Company to rent their premises for nine months after the 1st day of May, 1916, that is to the next February first. This damage is found to have been at the rate of $9,000 per year, or $6,750. From this has been taken the amount due upon the contract, $2,575, and $1,125 as the actual rents collected during such period, leaving the amount of $3,050 for which judgment was ordered upon the counterclaim.

There was some claim that the delay was in part caused by the acts of the defendant, first in requiring a change in the place where the risers were to be put. This is claimed to have caused a delay of from two to three weeks. It is further claimed that there was further delay caused by the defendant in refusing to stop the running of the machinery, which it is insisted was necessary for the doing of some of the work in the installation of this sprinkler system. In this there is a claimed delay of a couple of weeks, which, together with the other delay, would have extended the time of the contractor to a few days beyond the first day of May, if the defendant had been responsible therefor. I agree with the Special Term judge, however, to the effect that there is no substantial foundation for those claims, and that there was no legal excuse for the failure to complete the contract upon the seventh day of April. I further agree with the trial judge that with a knowledge when the contract was made that the tenants were barred from the building until the installation of the sprinkler system, any loss of rent naturally growing out of the delay after the contract date should be included in the damages recoverable. I am unable to agree, however, that they should be charged anything for loss of rent beyond June twenty-second, when the system was completed. It is claimed that tenants could not have been procured until the first of the following February. It is not a matter of which the court should take judicial notice, and there is no finding of the court that the plaintiff had knowledge of this custom or that any damage arising from this custom could have been in contemplation of the parties when the contract was made, and not a particle of evidence upon which such a finding could be based. It is difficult to see, therefore, why the plaintiff should be responsible for damages suffered by reason of a fact of which it had no knowledge at any time prior to the making of the contract, and, therefore, which could not be approximate, because it could not have been contemplated at the time of the making of the contract. In my judgment the plaintiff should be charged with loss of rentals for two and a half months from April seventh to June twenty-second. That was the exact period of the delay which was unjustifiable. This would give them a right to a

counterclaim upon the basis of a rental value of $9,000 a year, to the amount of $1,875. There appears to have been no rent whatsoever collected during this period of two and a half months. If there had been, the amount thereof should be deducted.

I recommend, therefore, a reversal of the judgment of Special Term and a direction of a judgment for plaintiff for $700, with interest from the 22d of June, 1916, and costs, and for foreclosure of the lien. This court finds that plaintiff was not informed and did not contemplate at the time of the making of the contract, that any damage would result as a breach of the contract with regard to completion for a longer period than the actual time employed by the contractor beyond the date set for completion as provided in the contract.

CLARKE, P. J., LAUGHLIN, SCOTT and DOWLING, JJ., concurred.

Judgment reversed and judgment directed for plaintiff as stated in opinion, with costs. Order to be settled on notice.