United States Printing and Lithograph Company, Appellant, *v.* Patrick A. Powers, Respondent, Impleaded with Harry M. Warner and Albert A. Warner, Defendants.

First Department, May 3, 1918.

**Pleading — contract annexed to complaint — when pleader should allege legal effect of document — ambiguous contract annexed to pleading — when objection to uncertainty of complaint should be taken by demurrer.**

Unless the issue tendered can be gathered from reading a contract annexed to the complaint the pleader should determine in his own mind the legal effect of the contract upon which his cause of action is founded and plead its legal effect as he understands it and as he purposes to maintain it, even though a copy be annexed.

Especially should a plaintiff plead the legal effect of a document annexed to the complaint where it is ambiguous without evidence of surrounding circumstances or parol evidence tending to show the intent of the parties.

Where a complaint is so indefinite and uncertain that the defendant cannot safely answer it and the uncertainty is such as cannot properly be obviated by a bill of particulars, or by an order to make the complaint definite and certain, demurrer is the proper remedy.

Appeal by the plaintiff, United States Printing and Lithograph Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of November, 1917, sustaining a demurrer to the third amended complaint.

*Manfred W. Ehrich* of counsel [*Howland O. Walter* with him on the brief; *Ehrich, Wheeler & Walter,* attorneys], for the appellant.

*Samuel F. Moran* of counsel [*Ingraham, Sheehan & Moran,* attorneys], for the respondent.

Page, J.:

On the former appeal we stated that the complaint was indefinite and uncertain in that it alleged that the defendant Powers guaranteed the indebtedness of the Warner's Features,

Inc., by various agreements in writing, without alleging the substance of any of them. We reversed the order denying the motion to make the complaint more definite and certain, and granted the motion requiring plaintiff to amend the complaint by alleging in letter or substance the agreements referred to in the 5th paragraph of the complaint. (171 App. Div. 406.) The plaintiff thereupon amended his complaint omitting all allegations of the legal effect of the agreements, and referring to copies thereof annexed to the complaint. Unless the issue tendered can be gathered from a reading of the instrument, as for instance when the cause of action is predicated upon an instrument for the payment of money only (Code Civ. Proc. § 534), the pleader should determine in his own mind the legal effect of the written contract or other document upon which his cause of action is founded, and plead its legal effect as he understands it and as he purposes to maintain it, even though a copy be annexed. If merely a copy of the instrument is set forth it leaves uncertain the issues intended to be tendered. In the instant case this uncertainty is made evident by the fact that the contract annexed to the complaint and marked Exhibit C is ambiguous. Without evidence of the surrounding circumstances or parol evidence tending to show the purpose and intent of the parties, it is impossible to say whether the guaranty would apply to the indebtedness for which the action was brought, or was limited to the indebtedness specifically mentioned in that instrument. Considering the contract as part of the complaint, the pleading partakes of the same ambiguity that there is in the contract. Therefore, the pleader must put some definite construction upon it. Facts must be alleged, which would have to be proved, that tend to establish the defendant's liability for the debt. As the complaint now stands, it is so indefinite and uncertain that the defendant cannot safely answer it. The uncertainty is such that it cannot properly be obviated by a bill of particulars, as we pointed out on the former appeal (p. 408). Nor can it be obviated by an order to make the complaint definite and certain, because the defect is not that such allegations as are made are indefinite in their statement, but that the statements lack facts which are necessary to

constitute a cause of action. Demurrer was, therefore, the proper remedy.

The order will be affirmed, with ten dollars costs and disbursements, and plaintiff given leave to serve an amended complaint within ten days from service of a copy of the order with notice of entry thereof and upon payment of costs to date.

CLARKE, P. J., SMITH, DAVIS and SHEARN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to amend on payment of costs.