JAMES F. MURPHY, Respondent, *v.* NEW YORK YELLOW CAB CO. SALES AGENCY
INC., Appellant.

*Master and servant — action to recover commissions, damages for breach of contract
and money deposited with defendant — contract is one of employment and not sale
contract — complaint is sufficient — if contract is ambiguous plaintiff may show
intention by proof of attending circumstances.*

Appeal from an order of the Supreme Court, made at the Kings Special Term
and entered in the Queens county clerk's office on June 18, 1923, denying defend-
ant's motion to dismiss the complaint and for other alternative relief.

Order denying defendant's motion for judgment on the pleadings affirmed, with
ten dollars costs and disbursements,. upon the opinion of Mr. Justice Lewis at
Special Term. Kelly, P. J., Rich, Jaycox, Manning and Young, JJ., concur.

The following is the opinion delivered at Special Term:

LEWIS, J.: This is a motion to dismiss the complaint on the ground that each
of the causes of action set forth in the complaint is insufficient in law. There
are four causes of action, each based upon a written agreement, a copy of which
is fully set forth and attached to the complaint. The first two causes of action
are similar and seek to recover commissions for the sale of certain cabs. The
third cause of action seeks to recover damages for a breach of the contract, and the
fourth cause of action seeks to recover a return of the deposit made by plaintiff's
assignor pursuant to the contract. It is claimed that the contract by its terms
is one of purchase and sale of taxicabs and that the complaint does not contain
allegations concerning such cause of action. While in the agreement the words
" sold," " sale," " deliver " and " purchaser " and other words of similar import
are used, a reading of the contract, aided by the supplementary or amendatory

agreement, indicates that it was one of employment and not of purchase and sale. If the instrument be regarded as ambiguous, the application must fail, for the pleader would then be entitled to show the intention of the parties by proof of the surrounding circumstances.   The pleader in any event, as was said by the learned counsel for the defendant when he was a member of the Appellate Division (*United States Printing & Lithograph Co.* v. *Powers,* 183 App. Div. 513), "should determine in his own mind the legal effect of the written contract or other document upon which his cause of action is founded, and plead its legal effect as he understands it and as he purposes to maintain it, even though a copy be annexed." The other objections to the complaint are not substantial.   The precise meaning of the pleading is apparent.   If the defendant desires to limit the issues or prevent surprise the remedy is by motion for bill of particulars.   Motion for judgment dismissing the complaint is denied.