In the Matter of the Estate of JOSEPH S. MECHLER, Deceased.

Surrogate's Court, Bronx County, April 18, 1927.

**Pleadings — answer — discovery proceeding in Surrogate's Court — application to make answer more definite and certain denied where facts sought are ascertainable through bill of particulars.**

A motion in a discovery proceeding in Surrogate's Court to make the answer therein more definite and certain, must be denied, where the facts sought are ascertainable through a bill of particulars. In this instance, an order may be entered directing the filing of a verified bill of particulars setting forth the various facts as to which this application recites that the answer is indefinite.

APPLICATION to make the answer in a discovery proceeding more definite and certain and for such other, further and different relief as may be proper.

*Oscar Aronson,* for the petitioner, Charles S. Mechler.

*Louis Susman,* for the respondent, Catherine M. Singer.

Surrogate's Court, Bronx County, April, 1927.     [Vol. 129

SCHULZ, S. A motion to make more definite and certain is primarily to aid the applicant in pleading, whereas a motion for a bill of particulars is to prevent surprise on the trial or hearing. (*Meredith* v. *Art Metal Construction Co.*, 97 Misc. 69, 83; affd., 176 App. Div. 945; *Citizens' Central National Bank* v. *Munn*, 49 Misc. 319, 321; revd. on other grounds, 115 App. Div. 471.)

Facts properly ascertainable through a bill of particulars should not be supplied by requiring that a pleading be made more definite and certain. (*Young* v. *White, No. 1,* 158 App. Div. 760.) Matters of time, place and circumstance, unless they are material parts of the cause of action or defense alleged, must be obtained by a bill of particulars. (*Tilton* v. *Beecher*, 59 N. Y. 176; *Kavanaugh* v. *Commonwealth Trust Co.*, 45 Misc. 201, 205; affd., 99 App. Div. 620.)

In *U. S. Printing & Litho. Co.* v. *Powers* (171 App. Div. 406, 408), cited by the petitioner, an order as requested here was made, but in that case it appeared that the complaint was obviously indefinite and uncertain in some of its allegations which presented nothing to which the appellant could plead. The case cites with approval *Pigone* v. *Lauria* (115 App. Div. 286), in which the court stated that a proper case for an order to make a pleading more definite and certain existed because the allegations as to a written instrument failed to state its date or a fact upon which its validity or effect might depend so as to enable the pleading of such a defense as the Statute of Frauds or the Statute of Limitations. Such a situation is not present in this matter.

In *Hooper* v. *City of New York* (96 Misc. 47), also cited by the petitioner, the relief was granted so that the answer would conform to a complaint for the same cause of action, the matters not stated being material to such a cause of action under the provisions of the Code of Civil Procedure, again differing materially from the matter under consideration.

The application to make the answer more definite and certain, therefore, must be denied, but an order may be entered directing the filing of a verified bill of particulars setting forth the various facts as to which the notice of motion states that the answer is indefinite, within five days after the service of a copy of such order, and if respondent has no present knowledge as to any of the particulars ordered, he shall so state under oath.

Settle order on notice.