JAMES E. HEFFERNAN, Respondent, v. GENERAL BRONZE CORPORATION, Appellant.

Fourth Department, May 8, 1935.

*Jay Leo Rothschild [Walter S. Beck* of counsel], for the appellant.

*Daniel Scanlon,* for the respondent.

SEARS, P. J. The Hub City Realty Corporation was the owner of a piece of real estate on the principal business street in the city of Syracuse. On the 22d day of March, 1928, the corporation entered into a contract with the plaintiff by the terms of which the plaintiff agreed to construct for the corporation upon the corporation's piece of property a modern business building containing space for stores and offices. By the terms of the contract the plaintiff promised to do its work of construction of the building so that the entire building should be completely finished ready for occupancy on or before May 1, 1929. There is a provision in the contract that the plaintiff will prosecute the work of construction with promptness and diligence, but no provision that any part of the work shall be completed at any particular time.

The defendant was a subcontractor in respect to the construction of this building. The subcontract related to bronze store fronts and bronze fronts for elevators in the interior of the building. The contract between plaintiff and defendant is dated September 24, 1928, and is in substantially the same general form as the contract between the plaintiff and the owner corporation. It provides, however, that the defendant shall complete the work comprehended in the subcontract on or before January 24, 1929.

The complaint of the plaintiff alleges a breach by the defendant of the term of the contract between the plaintiff and defendant relating to the time of completion, and damage therefrom. The

complaint is extremely brief. Besides alleging the residence of the plaintiff, the incorporation of the defendant and the execution of the contract between the plaintiff and the defendant (which is attached to the complaint and made a part of it), it contains only the following language: " That defendant failed to complete the said contract in accordance with its terms and provisions, and delayed the completion of the building to which the said contract related, now known as the Chimes Building, in the said City of Syracuse, New York, to the damage of the owners in the amount of Fifteen Thousand Dollars ($15,000.00), for which the plaintiff is liable under its general contract with the owners, Hub City Realty Corporation, for the construction of said building, and which has been withheld by the said owners from the plaintiff by reason of the defendant's failure to complete its said contract." The demand for judgment is for $15,000 and costs.

The answer denies the breach of the contract on the defendant's part, and alleges as a counterclaim full performance of its contract and a failure on the part of the plaintiff to pay defendant a substantial part of the consideration which the plaintiff agreed to pay by the terms of the contract. The defendant's demand for judgment is for dismissal of the complaint, and for the unpaid balance.

It appears conclusively in the record that the defendant's contract was not substantially performed until about the 10th day of April, 1929, more than two months after the date provided in the contract for completion, and that the defendant did some work even after the 1st day of May, 1929. It appears further that the plaintiff did not have the building entirely complete and ready for occupancy as provided in his contract with the owner-corporation on the first day of May but that it was substantially completed on June 11, 1929. It also appears that $5,179.71 has been withheld by the owner-corporation from the payment to the plaintiff of the contractual consideration for plaintiff's work because of an alleged breach by the plaintiff of his contract with the owner-corporation for the construction of the building in failing to complete the building by May 1, 1929.

To establish the plaintiff's cause of action as alleged in the complaint, the burden was upon the plaintiff to show that the defendant's breach of its subcontract with the plaintiff resulted in a breach by the plaintiff of his contract with the owner for which the owner has retained a part of the consideration for plaintiff's work. (3 Williston Cont. § 1348; *Murdock* v. *Jones*, 3 App. Div. 221; *Klauck* v. *Federal Insurance Co.*, 131 id. 519.)

The factual situation is complicated because the plaintiff was in fact at all times the principal stockholder of the owner-corporation, and it is easy to lose sight of the separate personalities of the owner-corporation and the plaintiff. These personalities must, however, at all times be clearly differentiated.

The plaintiff was entitled to demand of the defendant according to the terms of the contract between them a completion of the bronze work by the 24th of January, 1929. The owner-corporation was not entitled to make this demand of either the plaintiff or defendant. The owner-corporation was only entitled to demand of the plaintiff a complete building by May 1, 1929, and the progress of the work so as to secure a complete building on the 1st of May, 1929. The contract between owner-corporation and plaintiff did not provide for progressing the work except to secure a complete building ready for occupancy by the 1st day of May, 1929. The plaintiff in his relations with the defendant was not the owner but merely a building contractor. So far as the defendant was concerned, the plaintiff was not interested in the rental of the premises or in having the building open to inspection at any time. Only the owner-corporation had such interests and the fact that the plaintiff was financially interested in the owner-corporation is of no significance in determining the question of damages. These distinctions were lost sight of upon the trial. Evidence was admitted subject to the defendant's exception tending to prove that the rental value of the premises after May 1, 1929, was diminished by the defendant's failure to complete its contract as to the bronze work on the 24th day of January, 1929. An expert was sworn and testified, *first,* as to the rental value of the building after May first, with the store fronts completed on January twenty-fourth previous, presumably so that the building might have been open to· public view in a substantially completed form on that day, and, *second,* as to the rental value of the building after May first with the building not fully ready for occupancy until June eleventh and with the store fronts not completed until about April tenth, and barricaded up to that time. This was error for nothing in the contract between the owner-corporation and the plaintiff entitled the owner-corporation to a freedom of the building from barricades or to completed store fronts until the 1st day of May, 1929.

While defendant's contract was substantially completed on April tenth (ninety-nine per cent, as plaintiff's counsel stated at one time during the trial), still some minor details were not finished until the latter part of June. We find no proof in the record, however, to establish that these minor defects had any substantial effect on

the plaintiff's failure to complete his contract and have it ready for occupation on the 1st day of May, 1929. There was some proof, however, that the delay until April tenth in finishing the store fronts was the cause of the plaintiff's failure to complete the building on May first as provided in his contract with the owner-corporation. The amount of the loss of rents from May first to June eleventh was not submitted for determination by the jury. (*Wells & Newton Co.* v. *Lorence Realty Co., Inc.,* 180 App. Div. 424.)

Evidence was also admitted that the defendant's failure to have the store fronts complete on January 24, 1929, necessitated the use of salamanders for heating the ground floor at a cost to the plaintiff of $660. This element of damage was not pleaded, was objected to and should not have been received even though it is mentioned in the bill of particulars. (*Harmon* v. *Peats Co.,* 243 N. Y. 473; *U. S. Printing & Lithograph Co.* v. *Powers,* 171 App. Div. 406.)

The damages sought to be recovered in this case are but the necessary and probable consequence of a breach of contract. There are clauses in the subcontract providing for determination by the architect or by arbitration of certain classes of damages, but as we read the contract, the damages here demanded do not fall within the classes requiring assessment by architect or by arbitration.

The appellant calls our attention to many specific rulings other than those already referred to which it claims to be erroneous. These rulings are for the most part subordinate to the matters already discussed, and while some may be significant, we do not think it necessary to discuss them, in view of what has already been said.

Error of fact is also urged upon us in respect to the defendant's responsibility for its delay, the defendant contending that its delay was due to action, or lack of requisite action on the part of the plaintiff or the architect. It is our conclusion that the finding of the jury against this contention is not contrary to the weight of the evidence.

The judgment and order should be reversed on the law, and new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and Lewis, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.