In the Matter of JOHN ROMANER, Appellant, against ALBERT WILLIAMS, as Acting Police Commissioner and/or as Police Commissioner of the City of New York, Respondent.— In a proceeding under article 78 of the Civil Practice Act, order denying appellant's motion for an order directing and commanding the respondent to restore the appellant's hack license, which was revoked by the respondent, unanimously affirmed, without costs. Under section 436 of the New York City Charter (1938), and subdivision 40 of section 436-2.0 of the Administrative Code of the City of New York, the respondent had power to revoke the license for violation of paragraph (b) of subdivision 24 of section 436-2.0 of the Administrative Code (refusal to accept a passenger). While it might be desirable to determine the facts by means of testimony under oath, the statutes do not require either a hearing or testimony under oath. Present — Hagarty, Acting P. J., Johnston, Adel, Aldrich and Nolan, JJ. [See post, p. 1025.]

In the Matter of SUYDAM HOLDING CORPORATION, Respondent. ESAU SALLAH et al., Doing Business under the Name of E. SALLAH & SONS, et al., Appellants.— In a proceeding brought pursuant to section 4 of the Commercial Rent Law (L. 1945, ch. 3, as amd. by L. 1945, ch. 315), final order confirming the report of an official referee, which fixed the reasonable rental of the commercial space occupied by appellants in respondent's premises, unanimously affirmed, with $50 costs and disbursements. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Aldrich and Nolan, JJ. [See post, p. 1025.]

IDA MARCO, as Ancillary Administratrix of the Estate of HARRY MARCO, Deceased, a Stockholder in the Blue Ridge Corporation, on Behalf of Himself and All Other Stockholders, Similarly Situated, and on Behalf of Said BLUE RIDGE CORPORATION, Respondent, v. ARTHUR SACHS et al., Defendants, and HARRISON WILLIAMS et al., Appellants.— Order denying appellants' motion to make the amended complaint more definite and certain, without prejudice to an application for a bill of particulars, reversed on the law, with $10 costs and disbursements, and the motion granted, with $10 costs, the further amended complaint to be served within ten days from the entry of the order hereon. Appellants are entitled to have the complaint made more definite by showing the dates upon which the numerous acts alleged to have been committed, pursuant to the alleged conspiracy, took place, so as to enable them to determine whether or not they have a defense under the Statute of Limitations. (Royle v. McLaughlin, 195 App. Div. 413; Peters v. Huppert, 159 App. Div. 829; Pigone v. Lauria, 115 App. Div. 286; Bennett v. Lawrence, 71 App. Div. 413.) Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.