■ PELLOM BURTS, SR., Appellant, v. CITY OF NEW YORK, Respondent.—Judgment unanimously affirmed, with costs. Defendant established that for several days prior to the occurrence of the accident plaintiff walked unaccompanied and unassisted in his room, in the halls, and to the lavatory. Upon all the evidence the trial court was warranted in holding that defendant hospital was in no respect negligent and that it could not have reasonably anticipated the happening of the accident. Concur — Botein, J. P., Rabin, Cox, Frank and Valente, JJ.

## (June 14, 1956)

■ In the Matter of the Estate of HUGO ZIETZ, SR., Deceased. In the Matter of the Estate of HUGO ZIETZ, JR., Deceased. In the Matter of the Estate of HEDWIG ZIETZ, Deceased. MADELEINE ZIETZ, nee HALMOS, Appellant; WILLY ZIETZ, as Ancillary Administrator of the Estate of HUGO ZIETZ, SR., Deceased, as Administrator of the Estate of HUGO ZIETZ, JR., Deceased, and as Administrator of the Estate of HEDWIG ZIETZ, Deceased, Respondent.—Motion to dismiss appeal granted. Concur — Botein, J. P., Rabin, Cox, Frank and Valente, JJ.

■ VERNON R. WILSON, Respondent, v. FRANK A. PERCY et al., Appellants.— Motion to dismiss appeal granted, with $10 costs. Concur — Peck, P. J., Breitel, Frank and Valente, JJ.

■ FELIX J. SERRALLES, Respondent, v. MERCEDES M. VIADER et al., Appellants, et al., Defendant.— Motion to dismiss appeal granted, with $10 costs. Concur — Peck, P. J., Breitel, Frank and Valente, JJ.

■ HARRISON W. GEBHARDT, Appellant, v. MOE PATLIS et al., Respondents.— Motion to dismiss appeal granted, with $10 costs. Concur — Peck, P. J., Breitel, Frank and Valente, JJ.

■ FRANCES MAHNECK, Appellant, v. NORTHEAST DISCOUNT CORP., Respondent.— Motion to dismiss appeal granted, with $10 costs. Concur — Peck, P. J., Breitel, Frank and Valente, JJ.

## (June 19, 1956)

■ ALFRED T. MANACHER, Suing on Behalf of Himself, the Corporate Defendants, and All Other Stockholders of Said Corporate Defendants Herein, Respondent, v. CENTRAL COAL CO., INC., et al., Defendants, and IRVING A. MANACHER et al., Appellants.— The complaint is deficient on the specific basis of the motion under rule 102 of the Rules of Civil Practice — the silence of the complaint as to the dates of occurrence of the alleged wrongs. Normally it is the function of the bill of particulars to furnish this type of information but, were the various dates set forth in the complaint, defendants might be enabled to move under the Statute of Limitations to dismiss such portions thereof as may be barred by lapse of time (*Marco* v. *Sachs,* 270 App. Div. 948; cf., also, *Peters* v. *Huppert,* 159 App. Div. 829). Order unanimously modified by directing plaintiff to serve an amended complaint setting forth the dates and time periods in paragraphs 5, 7, 8, 9, 18, 19 and 20 and, as so modified, affirmed, with $20 costs and disbursements to the appellants. Settle order on notice. Concur — Botein, J. P., Rabin, Cox, Frank and Valente, JJ.

■ In the Matter of the Arbitration between GRO-UP FROCKS, INC., Appellant, and H. M. KOLBE CO., INC., Respondent.— Orders unanimously affirmed,