■ JEAN MANGANARO, an Infant, by Her Guardian ad Litem, LEE MANGANARO, et al., Respondents, v. PASQUALE VITALE et al., Appellants.— Pursuant to stipulation, appeal withdrawn, without costs. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.

■ ROSE PEARLSON et al., Respondents, v. ETHEL JAVITZ, Appellant.— In an action to impress a trust upon real property and bank accounts, and for an accounting, defendant appeals from an order denying her motion (1) to dismiss the amended complaint for insufficiency, (2) to require said amended complaint to be made more definite and certain, and (3) to strike out certain allegations therein as irrelevant and redundant (Rules Civ. Prac., rules 102, 103, 106). Order reversed, without costs, and motion granted to the following extent: (1) dismissing the third cause of action pleaded in the amended complaint, with leave to plead over, if so advised; and (2) directing that said amended complaint be made more definite and certain by setting forth the dates of the alleged purchases and sales of the parcels of real property referred to in the first cause of action, by identifying the said parcels of real property, by setting forth the dates when the bank accounts referred to in the second cause of action are claimed to have been set up, and by identifying such accounts. In all other respects the motion is denied. Plaintiffs and defendant are all children of Joseph Argoff, who died intestate. The third cause of action alleges that during the intestate's last illness, the defendant, knowing that the intestate was in failing health and that his mental faculties had been impaired, and for the purpose of furthering her (said defendant's) own interest to the exclusion of the rights of plaintiffs, induced the intestate to execute transfers to her of all his funds. Plaintiffs fail to specify what acts of fraud or undue influence were practiced upon the intestate, nor are there any factual allegations showing that he was deceived by defendant's acts. Said third cause of action as pleaded is, therefore, insufficient. (Cf. *Prouty* v. *Nichols,* 123 N. Y. S. 2d 789, affd. 282 App. Div. 962; *Schutzman* v. *Schutzman,* 275 App. Div. 856.) Defendant, to enable her to determine whether to plead the Statute of Limitations as a defense, is entitled to have the amended complaint made more definite and certain with respect to the purchase and sale of the various parcels of real property, and with respect to the alleged setting up of the bank accounts (cf. *Marco* v. *Sachs,* 270 App. Div. 948). The other specifications sought may be obtained through a bill of particulars. The motion under rule 102 of the Rules of Civil Practice, directed to the amended complaint, which was made within 20 days after the service of that pleading, was timely. Plaintiffs' time to serve a second amended complaint is extended until 20 days after entry of the order hereon. If the facts required to be stated in a second amended complaint are within the exclusive knowledge of defendant, plaintiffs' remedy is by a motion at Special Term, pursuant to rule 122 of the Rules of Civil Practice, for an order to take defendant's deposition to obtain information to enable plaintiffs to draw such amended complaint, and for an appropriate further extension of time to serve it. (Cf. *Silverstein* v. *Exciting Fashions,* 286 App. Div. 971.) Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARK BEUFVE, Appellant.— Appeal from a judgment of the County Court, Nassau County, adjudicating appellant a youthful offender. Judgment affirmed. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.