■ ROSENTHAL-BLOCK CHINA CORPORATION et al., Appellants, v. JOHANN HAVILAND CHINA CORPORATION et al., Respondents, et al., Defendants.— Order, entered September 27, 1960, as resettled by order, entered November 4, 1960, insofar as appealed from, unanimously reversed on the law and on the facts, with $20 costs and disbursements to plaintiffs-appellants, and motion by defendants-respondents to strike paragraphs 11, 12, 14, 27 and 41 as sham is denied, with $10 costs. As a general rule, a plaintiff may "determine in his own mind the legal effect of the written contract or other document upon which his cause of action is founded, and plead its legal effect as he understands it". (*United*

*States Print. & Lithograph Co.* v. *Powers,* 183 App. Div. 513, 514; *Murphy* v. *New York Yellow Cab Co. Sales Agency,* 207 App. Div. 820.) The plaintiffs here were entitled to allege in their complaint that the agreements between the parties were to the ·legal effect claimed by them. Where there is, as here, an arguable basis for the plaintiffs' allegations of the existence of agreements between the parties of the legal effect set forth, a claimed variance between the agreements as alleged and the written contracts does not justify the striking of plaintiffs' allegations as sham. To be stricken as sham is matter which is "false, in fact, and which is demonstratively false as to leave no reasonable doubt in the mind of the court as to its falsity." (*Santasiero* v. *Briggs,* 278 App. Div. 15, 21.) Factual questions may not be determined on a motion to strike. (*Northridge Coop.* v. *32nd Ave. Constr.,* 10· A D 2d 244.) Consequently, under the circumstances here, the construction and effect of the written contracts between the parties, and whether or not they are to the effect as claimed by plaintiffs are not to be resolved upon this motion. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.