■ SYMONS GALLERIES, INCORPORATED, Respondent, v. ELIZABETH S. PHILLIPS, Individually and as Executrix of ALFRED PHILLIPS, Deceased, Appellant.—

The amended complaint is to be served within 20 days from the entry of the order herein. The individual defendant is an entity separate and apart from the decedent, and conceivably with respect to some items damages for any wrongs allegedly perpetrated by one cannot be claimed against or collected from the other. Hence, the alleged causes of action against each should be separately stated. While ordinarily a bill of particulars will properly give information regarding dates, here the acts complained of cover a period of almost 25 years. To enable defendants to determine whether to plead the Statute of Limitations as a defense or to move to dismiss such portions of the complaint as may be barred by the lapse of time, they are entitled to have the complaint made more definite and certain with respect to the times when it is claimed the alleged acts were committed. (*Manacher* v. *Central Coal Co.*, 2 A D 2d 667; *Marco* v. *Sachs*, 270 App. Div. 948.) Concur — Rabin, J. P., Valente, Stevens, Eager and Bergan, JJ.

■ DU MONT EMERSON CORPORATION, Respondent, v. LOUIS GORDON et al., Copartners Doing Business under the Name of L. GORDON DISTRIBUTING COMPANY, et al., Appellants.—

The demand here, consisting of upwards of 170 paragraphs and subparagraphs, does seek considerable matter either purely evidentiary, irrelevant or otherwise improper. To fully comply with the demand would be so "burdensome" that "compliance will involve a task that is unreasonable to exact." (See *Helfant* v. *Rappoport*, 14 A D 2d 764.) The defendants were in default but a few days when the motion to preclude was made, and, in opposition to the motion, they requested to be relieved of their default. Under the special circumstances here, we conclude that the defendants should be given an opportunity to test the propriety of the demand upon terms as aforesaid. (See *Ferri* v. *Greater New York Brewery*, 266 App. Div. 1005; *Universal Metal Prods.* v. *De-Mornay Budd*, 275 App. Div. 575; *Inter Co. Painting Co.* v. *200 East End Ave. Corp.*, 286 App. Div. 482; *Mensh* v. *12 Beekman Place*, 11 A D 2d 642.) Settle order on notice. Concur — Rabin, J. P., Valente, Stevens, Eager and Bergan, JJ.